**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| DIANE S. JONES, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>P2ES HOLDINGS, LLC,<br>dba P2 ENERGY SOLUTIONS,<br><br>        Defendant. | Case No. 1:23-cv-00408-MEH |
| JOAN OGG, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>P2 ENERGY, LLC,<br><br>        Defendant. | Case No.:  1:23-cv-00469-MEH |

## **PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE**

Plaintiffs Diane S. Jones and Joan Ogg (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Unopposed Motion for Consolidate ("the Motion") of the above-captioned related actions, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") and D.C.COLO.LCivR 42.1. Plaintiffs further move that any subsequently-filed or transferred related action be stayed pending further order of the Court. Counsel for Plaintiffs have conferred with counsel for Defendants P2ES Holdings, LLC and P2 Energy, LLC ("Defendants" or "P2") regarding this Motion and Defendants consent to its filing unopposed.[1]

---

[1] P2's lack of opposition to consolidation is not a waiver of any defense or rights of defense in the litigation. P2 denies all averred claims of liability, damages, injury and relief, and contests the

1

Two related actions (*Jones v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-MEH, and *Ogg v.P2 Energy LLC*, No. 1:23-CV-00469-MEH) with common questions of facts and law are currently pending before this Court (collectively, the "Related Actions"). The Related Actions each arise from the same operative facts surrounding a cyberattack on Defendants' computer systems in November, 2021. For these reasons and the reasons set forth in the accompanying Memorandum in Support, Plaintiffs respectfully ask for this Court to grant Plaintiffs' Unopposed Motion to Consolidate and the proposed briefing scheduled contained therein. A proposed order is submitted for the Court's consideration.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTFFS'**
**UNOPPOSED MOTION TO CONSOLIDATE**

**I.   INTRODUCTION**

The two Related Actions arise from the same set of operative facts involving a cyberattack on Defendants' computer systems in November, 2021 ("the Cyberattack"). As discussed below, each Related Action raises the same questions of fact and law.

**II.   PLAINTIFFS' COMMON FACTUAL ALLEGATIONS.**

Plaintiffs in each of the Related Actions allege that their sensitive and private information was compromised in the same Cyberattack on Defendant's computer systems. *Jones*, Doc. 1 ¶¶ 1, 4; *Ogg*, Doc. 1, ¶¶1, 5.

The Related Actions name Defendants which appear to be similarly-named corporate affiliates of one another, engaged in the same business. *Jones*, Doc. 1 ¶¶ 2,16; *Ogg*, Doc. 1, ¶¶ 2, 18. The *Ogg* complaint specifically notes that, "The true names and capacities of persons or

---

factual allegations relating to the data security incident asserted in the respective complaints, motion to consolidate, and motion to appoint interim lead and liaison counsel.

2

entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known." *Ogg*, Doc. 1, ¶19. Plaintiffs understand that Defendants have retained the same counsel, and intend that any Consolidated Complaint should be amended to state the correct corporate names of Defendant(s).

Plaintiffs are individuals who received the same notice letter from Defendant notifying them that their Private Information was compromised in a cyberattack on Defendant's systems in November, 2021 ("Breach Letter"). *Jones*, Doc. 1 ¶¶ 5, 15; *Ogg*, Doc. 1, ¶¶7, 17, 32, 117. The types of sensitive information exposed involved in each of the Related Actions includes names and social security numbers ("Private Information"). *Jones*, Doc. 1 ¶¶ 3, 6; *Ogg*, Doc. 1, ¶¶1, 7. Furthermore, Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk and allowed the Cyberattack to occur. *Jones*, Doc. 1 ¶¶ 9, 44; *Ogg*, Doc. 1, ¶¶1, 8, 35.

### III. PLAINTIFFS' COMMON LIABILITY ALLEGATIONS

In addition, the Related Actions advance several common theories of liability among various other claims, which include the following causes of action against Defendant: Negligence (including Negligence Per Se); Breach of Implied Contract; Breach of Confidence; Unjust Enrichment; Invasion of Privacy by Intrusion; and Violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*.

To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of all Plaintiffs and the putative Class.

### IV. PLAINTIFFS SEEK COMMON REMEDIES UNDER SIMILAR CLASS DEFINTIONS.

Each of the Related Actions seek nationwide class action treatment and request the same type of remedies and compensation for the individuals impacted by the Data Breach. The remedies collectively sought include compensatory damages related to economic losses allege to be caused by the Cyberattack among other common remedies sought. *Jones*, Doc. 1, ¶¶ 168, 178; *Ogg*, Doc. 1, ¶¶ 155, 170. Furthermore, Plaintiff each seek to certify these damages classes with substantially similar class definitions:

| *Case Name* | Class Definition |
|---|---|
| *Jones v. P2ES Holdings, LLC* (Doc. 1, ¶ 117). | All persons P2 identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach. |
| *Ogg v. P2 Energy, LLC* (Doc. 1, ¶ 127). | All individuals residing in the United States whose PII was compromised in the data breach first announced by Defendant on or about December 19, 2022 (the "Class"), |

As such, the Related Actions present common factual and legal questions, which will involve the same and/or similar discovery. Accordingly, consolidation of this litigation under Rule 42(a) would promote efficiency in the discovery process, consistency in judicial rulings, and would likely reduce duplication, costs, and delay.

### V. ARGUMENT

By this motion, Plaintiffs request that the Related Actions—which involve common questions of fact and law and seek to certify materially similar classes—be consolidated:

#### I. The Related Actions should be consolidated to reduce costs and delay.

Plaintiffs respectfully request and jointly agree that the Related Actions, as well as any future related actions, be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the

Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) quoting 9 C. Wright & A. Miller, Fed. Practice & Procedure § 2381, at 427 (1995) ("The objective of the rule is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'"). *see also*, *Sgaggio v. Poole*, No. 19-CV-01975-PAB-KMT, 2021 WL 3726202, at *1 (D. Colo. Aug. 23, 2021); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) ("Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action.")

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the Cyberattack. Specifically, each of the Related Actions focuses on whether Defendants are liable to current and former consumers or employees of their business customers, for their failure to protect their private Sensitive Information with which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same defendant; involve the same Cyberattack; and involve the same types of Private Information. Undersigned Plaintiffs' counsel in each Related Action anticipate that each Related Action would involve substantially the same discovery and that consolidation would add efficiency and consistency in judicial rulings, reduce delay and cost. *See Cope v. Auto-Owners Ins. Co.*, No. 18-CV-0051-WJM-SKC, 2019 WL 120746, at *4 (D. Colo. Jan. 7, 2019) ("the Court finds that

judicial efficiency is best served by consolidating these two actions. Through consolidation, the parties and the Court can avoid unnecessary duplications of time and effort in litigating two cases that share common questions of law and fact.").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a Cyberattack case:

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id.* On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3

(M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016). Colorado federal courts have previously consolidated cases where several complaints are filed relating to the same data breach. *See generally Beasley v. TTEC Servs. Corp.*, No. 22-CV-00097-PAB-NYW, 2022 WL 1719654, at *1 (D. Colo. May 27, 2022).

Defendants will suffer no prejudice by litigating one consolidated action rather than two—or more—separate suits, and as a result, Defendants do not oppose consolidation of the Related Actions. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

## II.     Proposed Scheduling Order

For efficiency purposes, the Parties have conferred, and Plaintiffs propose the following schedule for upcoming briefing,

1. Plaintiffs shall file a consolidated amended complaint within thirty (30) days from the Court's approval of the Unopposed Motion to Consolidate; and,

2. Defendants shall have 30 days from filing of the consolidated amended complaint to file an Answer or Motion to Dismiss, Plaintiffs shall have 30 days thereafter to file their opposition to a Motion to Dismiss, and Defendants shall have 21 days thereafter to file a reply in support.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Related Actions be consolidated for all purposes.

Dated: March 1, 2023                    Respectfully submitted,

                                                */s/ Terence R. Coates*
                                                **MARKOVITS, STOCK & DE MARCO, LLC**
                                                Terence R. Coates
                                                Justin C. Walker *

> Dylan J. Gould *
> 119 E. Court Street, Suite 530
> Cincinnati, OH 45202
> Phone: (513) 651-3700
> Fax: (513) 665-0219
> *tcoates@msdlegal.com*
> *jwalker@msdlegal.com*
> *dgould@msdlegal.com*
>
> *Counsel for Plaintiff and the putative Class*
>
> *\* Applications for Admission forthcoming*

## CERTIFICATE OF SERVICE

I certify that on March 1, 2023, I electronically filed the foregoing Plaintiff's Notice of Related Cases using the Court's CM/ECF system.

> */s/ Terence R. Coates*