**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-00408-GPG-MEH

DIANE S. JONES, and JOAN OGG,
*on behalf of themselves and all others similarly situated,*

      Plaintiffs,

v.

P2ES HOLDINGS, LLC,

      Defendant.

---

## SETTLEMENT AGREEMENT

---

      This Settlement Agreement, dated October 5, 2023, is made and entered into by and among the following Settling Parties (as defined below): Diane S. Jones and Joan Ogg ("Plaintiffs"), and P2ES Holdings, LLC ("Defendant" or "P2" and, together with Plaintiffs, the "Parties" or "Settling Parties"). The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to resolve, discharge, and settle the Released Claims and this Litigation (as defined below), upon and subject to the terms and conditions set forth below.

## I.    INTRODUCTION

      This is a nationwide class action brought by Plaintiffs on behalf of themselves, and purportedly, a class of "all individuals whose PII was compromised in the [Data Incident], first announced by Defendant on or about" November 2, 2022. (*See generally* Plaintiffs' Consolidated Class Action Complaint ("CAC"), ECF No. 28, ¶ 129.)

The case arises from the alleged access to personal identifying information ("PII") as a result of a November 2021 data incident experienced by Defendant (the "Data Incident"). Plaintiffs and Class Members include current and former customers of Defendant's clients and customers, and their dependents, and other individuals affiliated with Defendant whose PII was potentially accessed in the Data Incident.

On February 12, 2023, Plaintiff Diane S. Jones filed the first complaint against Defendant in this Court for claims arising from the Data Incident. On February 20, 2023, Plaintiff Joan Ogg filed a second related Complaint in this Court. On May 8, 2023, the Court entered an order consolidating the two related actions. On August 10, 2023, the Plaintiffs filed their CAC.

In their CAC, Plaintiffs alleged individually, and purportedly on behalf of a putative class that, as a direct result of the Data Incident, that they potentially suffered numerous injuries and would likely suffer additional harm in the future. Plaintiffs' claims for alleged damages and remedies included the following alleged categories of harms: (i) "the current and imminent risk of fraud and identity theft";  (ii) "lost or diminished value of the PII"; (iii) "out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII"; (iv) "lost opportunity costs associated with attempting to mitigate the actual consequences of the Data [Incident], including but not limited to lost time"; (v) "the continued and certainly increased risk to their PII, which remains unencrypted and available for unauthorized third parties to access and abuse and may remain backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII"; (vi) "the invasion of privacy"; (vii) "the compromise, disclosure, theft, and unauthorized use of Plaintiffs' and the Class Members' PII"; and (viii) "emotional distress, fear, anxiety, nuisance, and annoyance related to

the theft and compromise of their PII." *See* CAC at ¶ 12.

Plaintiffs, individually and on behalf of other members of the Class, asserted claims for (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) breach of third-party beneficiary contract; (v) breach of confidence; (vi) unjust enrichment; and, (vii) violations of the Colorado Consumer Privacy Act, Colo. Rev. Stat. § 6-1-105(1)(1) *et seq*. Plaintiffs also sought injunctive relief, declaratory relief, monetary damages, and all other relief as authorized in equity or by law. Defendant denies all claims, allegations of wrongdoing, and denies all liability.

Before entering into this Settlement Agreement, and in response to Plaintiffs' informal discovery requests for settlement purposes, Defendant produced informal discovery that addressed the manner and mechanism of the Data Incident, the number of impacted individuals broken down by state, and Defendant's notice program and incident response.

## II.      MEDIATION AND SETTLEMENT DISCUSSIONS

On June 19, 2023, the parties engaged in a mediation session with Mr. Bruce A. Friedman, Esq. at JAMS. Mr. Friedman is a well-regarded mediator with substantial experience handling data breach class action mediations. Although a resolution was not reached, the parties continued to engage in direct settlement negotiations and were able to reach a resolution. The agreed resolution or settlement is memorialized in this Settlement Agreement.

Pursuant to the terms identified below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Parties (as defined below) relating to the Data Incident and this Litigation, by and on behalf of Plaintiffs and Class Members (as defined below).

## III.     PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiffs believe the claims asserted in the Litigation, as set forth in their CAC against Defendant, have merit. Plaintiffs and Proposed Class Counsel recognize and acknowledge,

however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendant through motion practice, trial, and potential appeals. Plaintiffs and Proposed Class Counsel have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Proposed Class Counsel are highly experienced in class action litigation and, in particular, data breach and privacy litigation, and have previously served as lead counsel in numerous data breach class actions through final approval. Plaintiffs and Proposed Class Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class Members.

## IV.    DENIAL OF WRONGDOING AND LIABILITY

Defendant denies each and all of the claims and contentions alleged against it in the CAC. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Nonetheless, Defendant has concluded that further conduct of litigation would be protracted and expensive, and that it is desirable that this matter be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendant has considered the uncertainty and risks inherent in any litigation and in this matter. Defendant has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## V.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Class Members, Proposed Class Counsel, as set forth in the signature block below, and Defendant that, subject to the approval of the Court, the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the

4

Litigation shall be dismissed with prejudice as to the Settling Parties and the Class Members, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1.      Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1      "**Administration Fees**" shall mean the fees, costs and other expenses incurred for the Settlement Administration, as defined below, and includes Costs of Settlement Administration, as defined below.

1.2      "**Agreement**" or "**Settlement Agreement**" means this agreement.

1.3      "**CAFA Notice**" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, *et seq*. ("CAFA"), to be served upon the appropriate State official in each State where Class Member resides and the appropriate federal official.

1.4      "**Class**" means all natural persons who were impacted in the November 2021 Data Incident. The Class specifically excludes: (i) P2 and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.5      "**Class Member(s)**" means a Person(s) who falls within the definition of the Class.

1.6      "**Claim Form**" means the forms that will be used by Class Members to submit a Settlement Claim to the Settlement Administrator and that is substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

1.7 **"Claims Deadline"** means the postmark and/or online submission deadline for Settlement Claims pursuant to ¶ 2.1, which shall be 90 days after the Notice Date (as defined below). The Claims Deadline shall clearly be set forth in the order granting Preliminary Approval of the Settlement, as well as in the Notice and on the Claim Form.

1.8 **"Costs of Settlement Administration"** means all actual costs associated with or arising from Settlement Administration and any Notice under Fed. R. Civ. P. 23.

1.9 **"Court"** means the United States District Court of Colorado, United States District Judge Gordon P. Gallagher.

1.10 **"Data Incident"** means the data security incident perpetrated against Defendant on or around November 11, 2021, as described in the CAC.

1.11 **"Dispute Resolution"** means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.12 **"Effective Date"** means the date when the Settlement Agreement becomes Final, which is 31 days after the Court grants the Final Approval Order, assuming no appeals have been filed. If an appeal is filed, the Effective Date will be 31 days from when the appeal is decided and a Judgment is entered in this case.

1.13 **"Escrow Account"** means the account opened by the Settlement Administrator.

1.14 **"Final"** means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the Court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review.

Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Awards made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.15    "**Final Approval Order**' is the order through which the Court grants final approval of class action settlement and finds that this settlement is fair, reasonable, and adequate.

1.16    "**Judgment**" means a judgment rendered by the Court.

1.17    "**Litigation**" means this consolidated case, *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH, pending in the United States District Court for the District of Colorado.

1.18    "**Long Notice**" means the long-form notice of settlement to be posted on the Settlement Website (as defined below), substantially in the form as shown in **Exhibit B** to this Settlement Agreement.

1.19    The "**Notice Date**" means 45 days after the entry of the Preliminary Approval Order, which is the date of commencement of Notice being sent to Class Members.

1.20    "**Objection Date**" means the date by which Class Members may file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and counsel for Defendant their objection to the Settlement for that objection to be effective.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Objection Date shall be 60 days after the Notice Date.

1.21    "**Opt-Out Date**" means the date by which Class Members must mail to the Settlement Administrator their requests to be excluded from the Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be 60 days after the Notice Date.

1.22   **"Person"** means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.23   **"Plaintiffs"** and **"Class Representatives"** mean Diane S. Jones and Joan Ogg.

1.24   **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement and ordering that Notice be provided to the Class. The Settling Parties' proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit D**.

1.25   **"Proposed Class Counsel"** and **"Class Counsel"** means Terence R. Coates, Justin C. Walker, and Dylan J. Gould of Markovits, Stock & DeMarco, LLC; and Gary M. Klinger and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLC.

1.26   **"Released Claims"** shall collectively mean any and all past, present, and future claims and causes of action related to the Data Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of third-party beneficiary contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all

8

claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Parties based on, relating to, concerning or arising out of the alleged Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of any Person who has timely excluded themselves from the Class.

1.27   "**Related Entities**" means Defendant's past, present, and future parents, subsidiaries, divisions, customers, partnerships, joint ventures, affiliates, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, assigns, employees, servants, members, providers, partners, principals, officers, directors, shareholders, owners, heirs, executors, administrators, personal representatives, insurers, and reinsurers, and trustees of such entities, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.28    "**Released Parties**" means Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers.

1.29    "**Remainder Funds**" means the funds, if any, that remain in the Settlement Fund after settlement payments for all Valid Claims (as defined below). The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipients of the *cy pres* distribution.

1.30    "**Service Awards**" shall have the meaning ascribed to it as set forth in ¶ 7.3 of this Settlement Agreement. The Service Awards requested in this matter will be $5,000 to each Class Representative, subject to court approval and will be in addition to any other Settlement benefits Plaintiffs may receive. The Service Awards shall be paid using and through the Settlement Fund.

1.31    "**Settlement Administration**" means the means the providing of Notice, the processing and payment of awards of Attorneys' Fees and Expenses and Service Award(s), and the processing and payment of Claims received from Class Members by the Settlement Administrator, and all undertakings reasonably necessary by the Settlement Administrator to fulfill its obligations hereunder.

1.32    "**Settlement Administrator**" means Kroll Settlement Administration, LLC, who is experienced in administering class action claims generally and specifically those of the type provided for and made in data security litigation.

1.33    **"Settlement Claim" or "Claim"** means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.34    **"Settlement Fund"** means a non-reversionary common fund to be funded by Defendant in the amount of one million two hundred and fifty thousand dollars ($1,250,000) which shall be deposited into the Escrow Account as set forth in ¶¶ 8.1, 8.2.

1.35    **"Settling Parties"** means, collectively, Defendant and Plaintiffs, individually and on behalf of the Class and all Released Parties.

1.36    **"Short Notice"** means the short notice of the proposed class action settlement, substantially in the form as shown in **Exhibit C** to this Settlement Agreement.  The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice and make a claim for monetary benefits.  The Short Notice will also inform Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Approval Hearing (as defined below).

1.37    **"Settlement Website"** shall be the URL that the Settlement Administrator will establish and will contain detailed information about this Litigation.

1.38    **"Unknown Claims"** means any of the Released Claims that any Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred

11

to Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims. The Settling Parties acknowledge, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.39    **"Valid Claims"** means Settlement Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

## 2.    Settlement Benefits

2.1    <u>Claimed Benefits</u>:  All Class Members shall have the opportunity to submit a Claim Form for certain Claimed Benefits on or before the Claims Deadline. The Claimed Benefits, as described below, shall include: (a) Pro-Rata Cash Payments; (b) Out-of-Pocket-Expense Claims; (c) Lost-Time Claims; and (e) Verified Fraud Claims.

      a)    <u>$50 Pro-Rata Cash Payment</u>. After the distribution of attorneys' fees, Class Counsel's litigation expenses, Administrative Fees, Service Awards, Out-of-Pocket Expense Claims, Lost-Time Claims, and Verified Fraud Claims (each of which is defined below in this Section), the Settlement Administrator will make *pro rata* settlement payments of the remaining Settlement Fund to each Class Member who submits a claim. This may

cause a *pro rata* increase or decrease the $50 cash payment. No documentation or attestation is required.

b) <u>Out-of-Pocket Expense Claims</u>.  Class Members can submit a Claim Form for reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incident up to $5,000 per individual ("Out-of-Pocket-Expense Claims"). Out-of-Pocket-Expense Claims will include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after November 11, 2021 that the claimant attests under penalty of perjury were caused or otherwise incurred as a result of the Data Incident, through the date of claim submission; and miscellaneous expenses such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

Class Members with Out-of-Pocket-Expense Claims must submit documentation and attestation supporting their claims.  This may include receipts or other documentation, not "self-prepared" by the claimant, which documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

c)  Lost-Time Claims.  Class Members can submit a Claim Form for reimbursement for time spent remedying issues related to the Data Incident for up to four (4) total hours at a rate of $25 per hour capped at $100 ("Lost-Time Claims"). No documentation need be submitted in connection with Lost-Time Claims, but Class Members must attest that the time claimed was actually spent as a result of the Data Incident.

d)  Verified Fraud Claims: Class Members can submit a Claim Form for documented incident of fraud for $250 per incident, capped at $5,000 per individual for verified and documented incidents of fraud ("Verified Fraud Claims"). Verified Fraud Claims will include, without limitation, any verified incident regardless of reimbursement. This may include fraudulent bank or credit card charges, tax filings, opening of bank and/or credit accounts, unemployment filings, etc. Class Members with Verified Fraud Claims must submit documentation and attestation supporting their claims. Receipts or other documentation, not "self-prepared" by the claimant, which documents the incident are required. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

2.2   Any residual funds after payment of all class benefits, Settlement Administration fees, attorneys' fees, costs, and Service Awards shall be used for a *pro rata* increase of the $50 pro rata cash payment claims set forth in Section 2.1(a) above, with no maximum payment. Any funds that remain after the distribution and reissuance of all payments from the Settlement Fund,

14

including for settlement checks that are not cashed by the deadline to do so, will be Remainder Funds that shall be distributed to a charitable organization approved of by the Parties and subject to Court approval.

      2.3     <u>Business Practices Changes & Confirmatory Discovery</u>.  In connection with the Parties mediation and this Settlement, Defendant provided Plaintiffs with informal discovery regarding the Data Incident and the security and practices enhancements that Defendant has implemented or will implement.

      2.4     <u>Dispute Resolution for Claims</u>.  The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket-Expense Claims or Verified Fraud Claims described in Section 2.1; and (3) the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident.  The Settlement Administrator may, at any time, request from the claimant, in writing, additional information as the Settlement Administrator may reasonably require in order to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed losses, and claims previously made for identity theft and the resolution thereof.  For any such claims that the Settlement Administrator determines to be implausible, the Settlement Administrator will submit those claims to the Settling Parties (one Plaintiffs' lawyer shall be designated to fill this role for all Plaintiffs).  If the Settling Parties do not agree with the claimant's Settlement Claim, after meeting and conferring, then the Settlement Claim shall be referred for resolution to the Settlement Administrator for final determination.

2.4.1. Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Settlement Administrator shall request additional information and give the claimant fourteen (14) days to cure the defect before rejecting the claim. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the defective claim.

2.4.2 Following receipt of additional information requested by the Settlement Administrator, the Settlement Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is facially valid, then the claim shall be paid. If the claim is not facially valid because the claimant has not provided all information needed to complete and evaluate the claim, then the Settlement Administrator may reject the claim without any further action. A defect in one claim shall not cause rejection of any other valid claim submitted by the claimant.

2.4.3. Class Members shall have ten (10) days from receipt of the offer to accept or reject any offer of partial payment received from the Settlement Administrator.

2.5      <u>Settlement Expenses</u>. All costs for notice to the Class Members as required under ¶ 3.2, Administration Fees under ¶¶ 9.1–9.4 and the costs of Dispute Resolution described in ¶¶ 2.4, 9.1 shall be paid out of the Settlement Fund.

2.6      <u>Class Certification</u>. The Settling Parties agree, for purposes of this settlement only, to the certification of the Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Class provided for herein, will be vacated and the Litigation shall proceed as though the Class had never

been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

3.      **Order of Preliminary Approval and Publishing of Notice of Final Approval Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, but no later than October 5, 2023, Proposed Class Counsel and counsel for Defendant shall jointly submit this Settlement Agreement to the Court, and Proposed Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit D** in both terms and cost, requesting, *inter alia:*

a)      certification of the Class for settlement purposes only pursuant to ¶ 2.6;

b)      preliminary approval of the Settlement Agreement as set forth herein;

c)      appointment of Proposed Class Counsel as Class Counsel;

d)      appointment of Plaintiffs as Class Representatives;

e)      approval of the Short Notice to be mailed to Class Members in a form substantially similar to the one attached as **Exhibit C** this Settlement Agreement;

f)      approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the Parties' respective litigation positions, statements that the settlement and notice of settlement are legitimate and that the Class Members are entitled to benefits under the settlement, the

17

general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, instructions for how to obtain the Settlement Benefits, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing;

g)  approval of a Claim Form to be used by Class Members to make a claim in a form substantially similar to the one attached as **Exhibit A** to this Settlement Agreement; and

h)  appointment of Kroll Settlement Administration, LLC as the Settlement Administrator.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval.  Immaterial revisions to these documents may also be made prior to dissemination of notice.

3.2    Costs for providing notice to the Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Settlement Administration Fees shall be paid from the Settlement Fund.  Attorneys' fees, costs, and expenses of Proposed Class Counsel, and Service Awards to Class Representatives, as approved by the Court, shall also be paid from the Settlement Fund.  Notice shall be provided to Class Members by the Settlement Administrator as follows:

a)  *Class Member Information*: No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the name and last known physical address of each

Class Member (collectively, "Class Member Information") that Defendant possesses.

b)    For any Class Member whose information does not include a valid address, the Settlement Administrator shall use the available information to conduct a reverse look-up search to obtain a physical address to mail the Notice.

c)    The Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

d)    *Settlement Website*: Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website (www.p2settlement.com) that will inform Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information ("Settlement Website"). The Settlement Website, which shall be active within 24 hours of the Notice Date, shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; and (v) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class

Members with the ability to complete and submit the Claim Form electronically.

e)     *Short Notice:* Within forty-five (45) days after the entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall commence disseminating notice to the Class. Within fifteen (15) days thereafter, dissemination of the Notice shall be completed through the following means:

- via mail to the postal address in Defendant's possession. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

- in the event that a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Short Notice to the forwarding address within ten (10) days of receiving the returned Short Notice;

- in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is

no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

f) Publishing, on or before the Notice Date, the Claim Form, Long Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period;

g) A toll-free help line with an IVR system and a live operator option shall be made available to provide Members with additional information about the settlement. The Settlement Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request; and

h) Contemporaneously with seeking Final Approval of the Settlement, Proposed Class Counsel and Defendant shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

3.3     The Short Notice, Long Notice, and other applicable communications to the Class may be adjusted by the Settlement Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.

3.4     Proposed Class Counsel and Defendant's counsel shall request that after Notice is completed the Court hold a hearing (the "Final Approval Hearing") and grant final approval of the settlement set forth herein.

3.5     Defendant will also cause the Settlement Administrator to provide (at Defendant's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**4.     Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest a Person's intent to opt-out of the Class. To be effective, written notice must be postmarked no later than the Opt-Out Date, as defined in ¶ 1.19.

4.2     All Persons who submit valid and timely notices of their intent to opt-out of the Class, as set forth in ¶ 1.19 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Class who do not validly opt-out of the Class shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date, the Settlement Administrator receives more than 50 Opt-Outs from the Settlement, Defendant shall have the right to terminate the Settlement Agreement in its entirety. If Defendant voids this Settlement

Agreement under this paragraph then, (a) the Parties shall be restored to their respective positions in the Litigation, and the Parties shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the settlement shall have no further force and effect with respect to the Parties, and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated and null and voice, *nunc pro tunc.*

**5.      Objection Procedures**

5.1      Each Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date, as defined in ¶ 1.18. Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number, *Jones v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH in the United States District Court for the District of Colorado; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.  To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date

no later than the Objection Date, to Terence Coates (Markovits, Stock, & DeMarco, LLC) at 119 East Court Street, Suite 530, Cincinnati, Ohio 45202, as Class Counsel; and Casie D. Collignon (Baker & Hostetler, LLP) at 1801 California Street, Suite 4400, Denver, CO 80202-2662, as counsel for Defendant. The objector or his or her counsel may also file objections with the Court through the Court's ECF system or submitting them to the Clerk of Court, with service on Class Counsel and Defendant's Counsel made through the ECF system. For all objections mailed to Class Counsel and counsel for Defendant, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

5.2     Any Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement, including any claims, shall be through the provisions of ¶¶ 2.4, 5.1, 9.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.     Release**

6.1     Upon the Effective Date, each Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, including all Unknown Claims, as against all Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member

24

of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, continuing in, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted. Any other claims or defenses Plaintiffs and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

### 7. Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Plaintiffs

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or Service Awards to Plaintiffs until after the substantive terms of the settlement had been agreed upon, other than that reasonable attorneys' fees, costs, expenses, and Service Awards to Plaintiffs as may be agreed to by Defendant and Class Counsel and as ordered by the Court shall be paid from the Settlement Fund. Defendant and Class Counsel then negotiated and agreed to the procedure as set forth herein.

7.2     Class Counsel will move the Court for an award of attorneys' fees not to exceed 33.33% of the Settlement Fund, or approximately $416,666.67 and litigation expenses not to exceed $15,000 to be paid from the Settlement Fund. Class Counsel, in their discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel.

7.3     Subject to Court approval, Plaintiffs intend to request a Service Award in the amount of $5,000 to each individual Plaintiff, also to be paid from the Settlement Fund. Any Service Award that is awarded by the Court shall be paid within fourteen (14) days of the Effective Date.

7.4     If awarded by the Court, the attorneys' fees and expenses as set forth in ¶ 7.2 will be distributed to Class Counsel, within thirty (30) days after the Effective Date.  Payment of the Settlement Fund will be deposited into the Escrow Account opened by the Settlement Administrator. Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and Service Awards to Plaintiffs consistent with ¶ 7.2.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the Service Awards to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  These payments will not in any way reduce the consideration being made available to the Class as described herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or Service Awards ordered by the Court to Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8.     Settlement Fund**

8.1     <u>Deposits</u>. Defendant agrees to make a payment of one million two hundred fifty thousand dollars ($1,250,000), and deposit that payment into, the Settlement Fund as follows: Defendant shall pay an amount sufficient to satisfy the Costs of Notice, Settlement Administration, as estimated by the Settlement Administrator, within thirty (30) days after the Court's entry of  (i) the Court's entry of the Preliminary Approval Order to pay the Administration Fees, and (ii) the receipt of a W-9 from the Settlement Administrator, along with wire instructions and independent verbal confirmation of the payment details, whichever date is later. Within thirty (30) days after the Court's entry of the Final Approval Order, Defendant shall deposit the remaining balance of the Settlement Fund. Settlement Administrator shall use the balance to complete Settlement

26

Administration and pay the Attorneys' Fees, Service Awards, and Valid Claims. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant P2's liability shall not exceed one million two hundred and fifty thousand dollars ($1,250,000).

8.2     Custody of the Settlement Fund. The Settlement Fund shall be deposited into an appropriate trust established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to the Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

8.3     Treasury Regulations and Fund Investment. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund ("QSF") within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including

any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

8.4   Taxes. All taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to any tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, they, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

9.   **Administration of Claims**

9.1   The Settlement Administrator shall administer and calculate the claims submitted by Class Members under ¶ 2.1. Class Counsel and Defendant shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the Dispute Resolution process set forth in ¶ 2.4. All claims agreed to be paid in full by Defendant shall be deemed valid.

9.2   Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within thirty (30) days of the Effective Date.

9.3     All Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

9.4     No Person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, Plaintiffs, and/or Defendant's counsel based on distributions of benefits to Class Members.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      Defendant has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3;

b)      the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

c)      the Judgment has become Final, as defined in ¶ 1.12.

10.2    If all conditions specified in ¶ 1.12 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Settlement Agreement.

10.3    Within ten (10) days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

10.4     In the event that the Settlement Agreement or the releases set forth in ¶ 6.1 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or Service Awards shall constitute grounds for cancellation or termination of the Settlement Agreement.  Further, notwithstanding any statement in this Settlement Agreement to the contrary, Defendant shall be obligated to pay amounts already billed or incurred for costs of notice to the Class, Settlement Administration, and Dispute Resolution pursuant to ¶¶ 2.4, 3.2, 9.1–9.4 above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**11.     Miscellaneous Provisions**

11.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2     In the event that the aggregated amount of payments of all Valid Claims (i.e., $50 Pro Rata Cash Payment, Out-of-Pocket Expense Claims, Lost-Time Claims, and Verified Fraud Claims) exceeds the total amount of the Settlement Fund, then the value of the payments to be paid to each Class Member making a Valid Claim shall be reduced on a pro rata basis, such that the aggregate value of all payments for all claims does not exceed the Settlement Fund (after payment of all Settlement Administration Costs and Expenses, Attorneys' Fees, Expenses, and Service Awards).  All pro rata reduction determinations shall be made by the Settlement Administrator.

11.3     The Settling Parties intend this settlement to be a final and complete resolution of all claims and disputes between them with respect to the Data Incident and this Litigation. The settlement compromises claims, including but not limited to all Released Claims, that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

11.4     Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative

proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.5    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.6    The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

11.7    This Settlement Agreement, including all exhibits hereto, contains the entire understanding between Defendant and Plaintiffs, individually and on behalf of the Class and all Released Entities, regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between the Parties in connection with the payment of the Litigation settlement. Except as otherwise provided herein, each party shall bear its own costs. This Settlement Agreement supersedes all previous agreements made between the Parties.

11.8    Class Counsel, on behalf of the Class, and Defendant's counsel, on behalf of Defendant, are expressly authorized to take all appropriate actions required or permitted to be taken by the Parties pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Parties which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Parties.

11.9     Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.10    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

11.11    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

11.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.   The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator.  As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

11.13    As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

11.14    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Colorado, and the rights and obligations

of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado.

11.15    All dollar amounts are in United States dollars (USD).

11.16    If a Class Member opts to receive settlement benefits via mailed check, cashing the settlement check is a condition precedent to any Class Member's right to receive settlement benefits. All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Class Member shall have one hundred and eighty (180) days after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Class Member's right to receive monetary relief shall be extinguished, and there shall be no obligation to make payments to the Class Member for expense reimbursement or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

11.17    The Settlement Website shall be deactivated ninety (90) days after the Effective Date.

11.18    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Class Counsel

Counsel for P2ES Holdings, LLC   Duly Authorized Signatory

DATED this 5th day of October, 2023

DATED this 5th day of October, 2023

By: /s/ *Terence R. Coates*

By: /s/ *Casie*

Terence R. Coates
Justin C. Walker
Dylan J. Gould
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
E-mail:
    jwalker@msdlegal.com
    dgould@msdlegal.com

Casie D. Collignon (35160)
Keeley O. Cronin (54693)
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: (303) 861-0600
E-mail: ccollignon@bakerlaw.com
    kcronin@bakerlaw.com

By: /s/ *Gary M. Klinger*

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
E-mail: gklinger@milberg.com

---

Diane S. Jones
Plaintiff

*Joan E. Ogg*
Joan E. Ogg (Oct 5, 2023 12:51 EDT)

---

Joan Ogg
Plaintiff

Class Counsel

Counsel for P2ES Holdings, LLC   Duly Authorized Signatory

DATED this 5th day of October, 2023

DATED this ___ day of_____, 2023

By: /s/ *Terence R. Coates*

By: /s/_____

Terence R. Coates
Justin C. Walker
Dylan J. Gould
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
E-mail:
       jwalker@msdlegal.com
       dgould@msdlegal.com

Casie D. Collignon (35160)
Keeley O. Cronin (54693)
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone: (303) 861-0600
E-mail: ccollignon@bakerlaw.com
       kcronin@bakerlaw.com

By: /s/_____

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
E-mail: gklinger@milberg.com

_Diane S. Jones_
Diane S Jones (Oct 5, 2023 11:15 EDT)
_____
Diane S. Jones
Plaintiff

_____
Joan Ogg
Plaintiff

35

### SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
| --- | --- |
| Defendant provides list of Class Members to the Settlement Administrator | +14 days after preliminary approval order |
| Long and Short Notices Posted on the Settlement Website | -Upon Notice Date |
| Notice Date | +45 days after preliminary approval order |
| Notice Completion Date | +15 days after Notice Date |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | -14 days before Final Approval Hearing, to be filed with Motion for Final Approval |
| Objection Deadline | +60 days after Notice Date |
| Opt-Out Deadline | +60 days after Notice Date |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +70 days after objection/opt-out deadline |
| Claims Deadline | +90 days after Notice Date |
| | |
| **Final Approval Hearing** | , 2023 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses and Class | +30 days after Effective Date |

36

| Representative Service Awards | |
|---|---|
| Payment of Claims to Class Members | +30 days of Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

# EXHIBIT A

*7818100000000*
7 8 1 8 1 0 0 0 0 0 0 0 0

## CLAIM FORM FOR P2ES HOLDINGS SETTLEMENT BENEFITS

**USE THIS FORM TO MAKE A CLAIM FOR LOST TIME PAYMENTS AND OUT-OF-POCKET LOSS PAYMENTS**

For more information, call 1-888-888-8888 or visit the website ***www.P2datasettlement.com***
*Para una notificación en Español, pueda llamar 1-888-888-8888 o visitar nuestro sitio de web*
***www.P2datasettlement.com.***

**The DEADLINE to submit this Claim Form online (or mail it postmarked) is [XXXX XX, 202X]**

## I.      GENERAL INSTRUCTIONS

If you were impacted in the November 2021 Data Incident experienced by P2ES Holdings, LLC ("Defendant"), as set forth in the Settlement Agreement, you are a Class Member.

The Settlement establishes a $1,250,000 non-reversionary fund, to be used to pay Valid Claims submitted by Class Members as well as for the costs of notice and settlement administration, Class Representative Service Awards, and attorneys' fees and expenses as awarded by the Court. As a Class Member, you are eligible to submit claims for cash payments as reimbursement for time and money spent in response to the Data Incident (such as money spent on credit monitoring), as well as for any documented incidents of fraud or identity theft connected to the Data Incident. You must fill out this claim form to receive these benefits.

The benefits are as follows:

### Lost Time Claims

You may submit a claim for reimbursement for time spent remedying issues related to the Data Incident. You will be reimbursed at $25/hour of time spent, **up to $100 total.** By filling out this claim form, you can attest to the amount of time you spent related to the Data Incident. This can include, for example, time spent on the phone with banks, time spent dealing with replacement card issues or reversing fraudulent charges, time spent researching the Data Incident, time spent monitoring accounts, or time spent freezing your credit. **You do not have to include documentation of your lost time. Instead, you must attest that the time claimed was actually spent as a result of the Data Incident**.

### Out-of-Pocket Losses

You are eligible to receive reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incident. You are also eligible to receive reimbursement for money expended  as a result of fraud or identity theft, if that money has not been reimbursed from another source. This includes, without limitation:

- Unreimbursed losses relating to fraud or identity theft;
- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- Costs associated with freezing or unfreezing credit with any credit reporting agency;
- Credit monitoring costs that were incurred on or after November 11, 2021; and
- Other expenses reasonably attributable to the Data Incident, such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

*7818100000000*
7 8 1 8 1 0 0 0 0 0 0 0 0

These losses must be documented; you must submit copies of documents supporting your claims, such as receipts or other documentation. "Self-prepared" documents, such as handwritten receipts, will not count as documentation, but you can submit them as clarification to other, official documents.

## Verified Fraud
You are eligible to submit a claim for verified, documented incidents of fraud, up to $250 per incident, capped at $5,000.

Verified Fraud Claims include:
- Fraudulent bank or credit card charges,
- Tax filings,
- Opening of bank and/or credit accounts,
- Unemployment filings,
- Other fraudulent actions taken using your information from the Data Incident.

Settlement Class Members with Verified Fraud Claims must submit documentation and attestation supporting their claims. Receipts or other documentation, not "self-prepared" by the claimant, that documents the incident are required. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

## $50 Pro-Rata Residual Cash Payment
After distributing funds for the claims payments set forth above to claimants, as well as attorneys' fees, Class Counsel's litigation expenses, Administrative Fees, and Service Awards, if there is any money left in the Settlement Fund, the Settlement Administrator will make *pro rata* settlement payments of the remaining Settlement Fund to each Class Member who submits a cash payment claim. The remaining amount of the Settlement Fund will be distributed pro rata for each Class Member who submits a claim, which may increase or decrease the $50 cash payment amount.

## Completing the Claim Form
This Claim Form may be submitted online at **www.P2datasettlement.com** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

P2 Holdings Settlement Administrator
P.O. Box XXXX
XXXXX, XX XXXXX

*7818100000000*
7 8 1 8 1 0 0 0 0 0 0 0 0

## II.     CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

Claimant Name: _____  ___  _____
                        First Name                              MI     Last Name

Street Address: _____

Address 2: _____

City: _____  State: ____ ____  Zip Code: ___ ___ ___ ___ ___

Class Member ID: 7 8 1 8 1 ___ ___ ___ ___ ___ ___ ___ ___

If you received a notice of this Settlement by U.S. mail, your Class Member ID is on the envelope or postcard. If you received a notice of this Settlement by email, your Class Member ID is in the email.

E-mail Address: _____@_____

[optional] Daytime Phone Number: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

[optional] Evening Phone Number: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

### You may select a:

## III.     CASH PAYMENT

**Cash Payment**: Would you like to receive a cash payment under the Settlement? **(circle one)**

**Yes          No**

** The payments under this option will originally be set at $50, however, the value of cash payment under this option will be increased or decreased pro rata based on the balance of the Settlement Fund after the payment of other benefits, attorneys' fees and expenses, Service Awards, and settlement expenses.

## IV.     LOST TIME PAYMENT

☐     Please check off this box for this section if you are electing to seek reimbursement for Lost Time you spent remedying issues related to the Data Incident.

Class Members who elect to submit a Claim for Lost Time Payment may claim, together with Out-of-Pocket Losses, no more than $100 at $25/hour for four hours of time actually spent addressing issues arising from the Data Incident. If you are selecting reimbursement for Lost Time, you must fill in the blanks in this section and sign the certification at the end of the claim form.

☐   I attest that I suffered Lost Time, and that this Lost Time was actually spent as a result of the Data Incident. Specifically, I spent the following number of hours remedying issues related to the Data Incident:

_____ hours (rounded to the nearest half-hour).

## V.    REIMBURSEMENT FOR OUT-OF-POCKET LOSSES AND/OR VERIFIED FRAUD

☐   Please check off this box for this section if you are electing to seek reimbursement for unreimbursed **Out-of-Pocket Losses.** Such claimed losses above will total no more than $5,000. You must provide reasonable documentation of the claimed Out-of-Pocket Losses. Self-attested documentation will not suffice.

☐   Please check off this box for this section if you are electing to seek reimbursement for one or more incidents of **Verified Fraud.** Such claimed payments will be $250/incident, but in total no more than $5,000. You must provide reasonable documentation for **each** instance of fraud. Self-attested documentation will not suffice.

### Making a Claim for Out-of-Pocket Expenses

In order to make a claim for Out-of-Pocket Expenses, **you must** (i) fill out the information below, or fill out a separate sheet to be submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form (section V); and (iii) include reasonable documentation supporting each claimed loss along with this Claim Form. Out-of-Pocket losses need to be deemed fairly traceable to the Data Incident by the Settlement Administrator based on the documentation you provide and the facts of the Data Incident.

**Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

*7818100000000*
7 8 1 8 1 0 0 0 0 0 0 0 0

| 78181 | CF | Page 4 of 6 |
|---|---|---|

| Out-of-Pocket Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges* Your documents: _____ _____ |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return* Your documents: _____ _____ _____ |
| ☐ Credit freeze | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services* Your documents: _____ _____ |
| ☐ Credit Monitoring ordered after November 2021. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services* Your documents: _____ _____ |
| ☐ Miscellaneous expenses such as notary, fax, postage, gas, copying, mileage, and long-distance telephone charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office) why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Data Incident* Your documents: _____ _____ |
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive tax refund and amount of.* Your documents: _____ _____ |
| ☐ Other (provide detailed description) | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Please provide detailed description below or in a separate document submitted with this Claim Form* Your documents: _____ _____ |

If you **do not submit** reasonable documentation supporting a claim for Out-of-Pocket Losses, or your claim for an Out-of-Pocket Loss payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claims for Lost Time, if such claims are made, will be considered.

### Verified Fraud Claims

You are eligible for an up to $250 payment for each incident of verified fraud you have suffered. Please use the checkboxes below to indicate what kind of fraud you are claiming and describe the documents you're submitting to substantiate the fraud. The payments for verified Fraud Claims are also subject to the $5,000 cap that applies to out-of-pocket losses.

| Verified Fraud Type (Fill all that apply) | Approximate Date of Fraud | Amount Defrauded (even if reimbursed) | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Fraudulent bank or credit card charges | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Account statement with unauthorized charges highlighted; correspondence with credit card company disputing the charges* Your documents: _____ _____ |
| ☐ Fraudulent tax filings | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Accountant bill for re-filing tax return* Your documents: _____ _____ |
| ☐ Opening of bank accounts and/or credit cards in your name. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Notification from bank of new credit card or account; correspondence with bank about closing the account* Your documents: _____ _____ |
| ☐ Government benefits taken in your name | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ | *Examples: Notification of unemployment benefits being taken; correspondence with agency regarding issue* Your documents: _____ _____ |

If you **do not submit** reasonable documentation supporting a claim for Verified Fraud payments, or your claim for a Verified Fraud payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claims for Lost Time, if such claims are made, will be considered.

### VI. CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I swear and affirm under the laws of the United States of America that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.

Signature: _____        Date: _____

*7818100000000*
7 8 1 8 1 0 0 0 0 0 0 0 0 0

Print Name: _____

*78181*                          *CF*                          *Page 6 of 6*
78181                            CF                            Page 6 of 6

# EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

### *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH

**A court has authorized this notice.  This is not a solicitation from a lawyer.**

---

### If You Were Impacted by the Data Incident Experienced by P2ES Holdings, LLC , You Could be Eligible for a Payment from a Class Action Settlement

---

- You may be eligible to receive a payment from a proposed $1,250,000 non-reversionary class action settlement (the "Settlement Fund").
- The class action lawsuit concerns the November 2021 Data Incident involving P2ES Holdings, LLC ( "Defendant") in which Plaintiffs allege that an unauthorized third party gained access to certain of Defendant's files containing the sensitive personal information including names and Social Security numbers of current and former customers of Defendant's clients and customers, their dependents, and other individuals affiliated with Defendant. Defendant disagrees with Plaintiffs' claims and denies any liability or wrongdoing.
- To be eligible to make a claim, your data must have been impacted in the November 2021 Data Incident experienced by Defendant.
- Eligible claimants under the Settlement Agreement will be eligible to receive:

  - ❖ **Reimbursement for the actual amount of unreimbursed out-of-pocket expenses up to $5,000, with supporting documentation of the monetary losses;**
  - ❖ **Compensation of up to $100 for time spent dealing with fraud, identity theft, or other alleged misuse of your personal information that is fairly traceable to the Data Incident;**
  - ❖ **Compensation for incidents of verified fraud of up to $5,000, with supporting documentation, including $250 per documented incident of identity fraud or fraudulent activity on an account; and**
  - ❖ **$50 cash payment from the Settlement Fund that will be increased or decreased pro rata depending on the amount remaining in the Settlement Fund after allocation of the Settlement Fund for reimbursement of documented out-of-pocket expenses, payments for lost time, payments for documented incidents of fraud, attorneys' fees and expenses, Class Representative Service Awards, and Settlement Administration Costs.**

- For more information or to submit a claim visit **www.P2settlement.com** or call 1-###-###-#### Monday through Saturday, between 8:30 a.m. and 5:00 p.m. E.T.
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | You must submit a Valid Claim | Submitted or Postmarked on |

| | form to receive payment. | or Before _____, 2023 |
|---|---|---|
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant for the same claims if you are a class member. | Submitted or Postmarked on or Before _____, 2023 |
| **Object to the Settlement and/or Attend the Fairness Hearing** | Stay in the Settlement, but tell the Court about why you disagree with the Settlement. You will still be bound by the settlement if the Court approves it. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2024 about the fairness of the Settlement, with or without your own attorney. | Received on or Before _____, 2023 |
| **Do Nothing** | Receive no payment. Give up rights if you are a Class Member. | No Deadline. |

- Your rights and options as a Class Member— and the deadlines to exercise your rights—are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to Class Members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

**Basic Information**…...............………………………………………………….…...…..

**Who is in the Settlement?**………………………………………………..…………….

**The Settlement Benefits—What You Get if You Qualify**……………………...…..

**How do You Submit a Claim?**……………………..………………………...……

**What Does Defendant Get?**……….………………..………………………...……

**Excluding Yourself from the Settlement**……………………………..……...…..

**Objecting to the Settlement**…………………………....…………………...……

**The Lawyers Representing You**……………………………………………….........

**The Court's Fairness Hearing** ...............………………................................................

**If You Do Nothing**………………………………………..………..……........

**Getting More Information**……………………………………………...……….....

**BASIC INFORMATION**

### 1.   Why is there a notice?

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Judge Gordon P. Gallagher of the United States District Court for the District of Colorado is overseeing this case captioned as *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH. The people who brought the lawsuit are called the Plaintiffs. The company being sued, P2ES Holdings, LLC, is called the Defendant.

### 2.   What is this lawsuit about?

Plaintiffs filed this lawsuit against Defendant, individually, and on behalf of anyone whose personally identifiable information ("PII") was potentially impacted as a result of the Data Incident.

Plaintiffs allege that as a result of the Data Incident, unauthorized third parties accessed their, and Class Members, PII and asserted claims against Defendant for: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) breach of third-party beneficiary contract; (5) breach of confidence; (6) unjust enrichment; and (7) violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*

Defendant denies these claims and denies any wrongdoing or liability.. No court or other judicial entity has made any judgment or other determination that Defendant has any liability on these claims or did anything wrong.

### 3.   Why is this lawsuit a class action?

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4.   Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of further litigation or trial. The Class Representatives, Defendant, and their attorneys believe that the settlement is fair, reasonable, and adequate, and in the best interest of the Class Members.

## WHO IS IN THE SETTLEMENT?

### 5.   How do I know if I am part of the Settlement?

You are included in the Settlement if your information was impacted by the Data Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are: (i) Defendant and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the

fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

**6.   What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions.  You may also write with questions to:

P2ES Holdings Settlement Administrator
address
address
info@P2settlement.com

**THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY**

**7.   What does the Settlement provide?**

The Settlement provides that Defendant will fund the following payments up to a total of $1,250,000: (a) $25 per hour, up to a total of $100, for Settlement Class Members who attest that the time claimed was actually spent as a result of the Data Incident; (b) up to $5,000 for reimbursement of your documented out-of-pocket expenses reasonably traceable to the Data Incident; (c) $50 Pro Rata Cash Payment, and/or (d) $250 for each verified and documented incident of fraud (included in the cap of $5,000 for unreimbursed expenses) that you incurred.

After the distribution of attorneys' fees, Class Counsel's litigation expenses, Administrative Fees, Service Awards, and Settlement benefits to claimants, the Settlement Administrator will make a *pro rata* settlement payment of $50 (referenced in the previous paragraph under (c)), subject to adjustment as set forth in the below paragraph, out of any remaining funds to each Class Member who submits a claim for this additional cash payment. No documentation or attestation is required.

The Settlement benefits are also subject to pro rata reduction in the event that the total claims exceed the $1,250,000 cap on payments, and payments may also be increased  on a pro rata basis until the Settlement Fund is distributed. Payment of attorneys' fees, costs and expenses (see Question 19) and the costs of notifying the Settlement Class and administering the Settlement will also be  paid out of the Settlement.

**8.   What payments are available for reimbursement under the settlement?**

Settlement Class Members who submit a claim are eligible to receive:

a)   Reimbursement of actual, documented, unreimbursed out-of-pocket expenses resulting from the Data Incident (up to $5,000 in total), such as:

- unreimbursed losses relating to fraud or identity theft;
- professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- costs associated with freezing or unfreezing credit with any credit reporting agency;
- credit monitoring costs that were incurred on or after November 11, 2021; and

- Other expenses reasonably attributable to the Data Incident, such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

b) Compensation for time spent remedying issues related to the Data Incident, up to the amount of $100.

c) Compensation for verified and documented instances of fraud at $250 per occurrence, up to the amount of $5,000 in total.

d) A potential residual cash payment of the remainder funds, which is estimated to be at $50 but may adjusted upward or downward based on how many other claims are made.

### HOW DO YOU SUBMIT A CLAIM?

**9.    How do I get a benefit?**

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **www.P2settlement.com** or by calling 1-###-###-####. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

**10.    How will claims be decided?**

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner the Claim will be considered invalid and will not be paid.

**11.    When will I get my payment?**

The Court will hold a hearing on _____, 2023 at _____.m. MT to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

### WHAT DOES DEFENDANT GET?

**12.    What am I giving up as part of the Settlement?**

If you stay in the settlement, you may submit a claim to receive payment, but you will not be able to sue the Released Parties for any claims related to the Data Incident ("Released Claims"). These releases are described in the Settlement Agreement, which is available at **www.P2settlement.com.** If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

**13.   If I exclude myself, can I get a payment from this Settlement?**

No.  If you exclude yourself, you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

**14.   If I do not exclude myself, can I sue Defendant for the same thing later?**

No.  Unless you exclude yourself, you give up any right to the Released Parties  for  the Released Claims.  You must exclude  yourself  from the  Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the  claims released in this case. If you exclude yourself, do not submit a Claim Form to ask for any benefit  under the Settlement.

**15.   How do I exclude myself from the Settlement?**

To exclude yourself, you must send a timely letter that says you want to be excluded from the Settlement in *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH, in the United States District Court for the District of Colorado. The letter should state your full name, address, and telephone number; and must (a) be individually and originally signed by you or by a person authorized by law to act on your behalf; and (b) clearly manifest your intent to be excluded from the Settlement, to be excluded from the settlement, not to participate in the settlement, and/or to waive all rights to the benefits of the settlement. You must mail your exclusion request postmarked by **_____, 2023**, to:

P2 Holdings Settlement Administrator
Attn: Exclusion Request
address
address

Instructions on how to submit a request for exclusion are available at www.p2settlement.com or from the Settlement Administrator by calling 1-###-###-####.

**OBJECTING TO THE SETTLEMENT**

**16.   How do I tell the Court that I do not like the Settlement?**

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The  Court  will  consider  your  views  in  its  decision  whether  to  approve  the Settlement. To object, you must mail your objection to Settlement Class Counsel and Defendant's Counsel, at the  mailing  addresses  listed  below,  postmarked  by **no later** than  the  objection deadline, **_____, 2023.**  In the alternative, you may mail your objection to the Clerk of the Court at the address below, or file it using the Court's ECF system:

| Court | Defendant's Counsel |
|---|---|
| Clerk of the Court<br>United States District Court for the District of Colorado<br>Alfred A. Arraj U.S. Courthouse<br>901 19th Street, Room A105<br>Denver, CO 80294-3589 | Casie D. Collignon<br>Keeley O. Cronin<br>BAKER & HOSTETLER LLP<br>1801 California Street, Suite 4400<br>Denver, CO 80202-2662 |

| Settlement Class Counsel | |
|---|---|
| Terence Coates<br>Markovits, Stock, & DeMarco, LLC<br>119 East Court Street, Suite 530<br>Cincinnati, OH 45202 | |

Your objection must be written and must include all of the following: (i) your full name and address; (ii) the case name and docket number, *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH, in the United States District Court for the District of Colorado; (iii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class; (e.g., copy of the your settlement notice, copy of original notice of the Data Incident, or a statement explaining why you believe you are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection you believe is applicable; (v) the identity of any and all counsel representing you in connection with the objection; (vi) a statement whether you and/or your counsel (if you have counsel) will appear at the Final Approval Hearing; and (vii) your signature or the signature your duly authorized attorney or other duly authorized representative (if any) representing you in connection with the objection.

## 17.   What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a member of the Settlement Class, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

## 18.   Do I have a lawyer in this case?

Yes. The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202 and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street, Suite 2100 Chicago, IL 60606 as Settlement Class Counsel, to represent the Class in settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 19.   How will the lawyers be paid?

Settlement Class Counsel will ask the Court for an award for attorneys' fees up to $416,666.66, plus litigation expenses not to exceed $15,000. Defendant has agreed to pay any award of attorneys' fees, costs and expenses up to those amounts, to the extent approved by the Court. This payment for Attorneys' Fees will be made out of the Settlement Fund. Any such award would compensate Settlement Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Settlement Class Counsel will also ask the Court for a service award up to $5,000 for each of the Settlement Class Representatives.

Any award for attorneys' fees, costs, and expenses for Settlement Class Counsel, and for service awards to the Settlement Class Representatives, must be approved by the Court. The Court may award less than the amounts requested. Settlement Class Counsel's papers in support of final approval of the Settlement will be filed no later than _____, 2023 and their application for attorneys' fees, costs and expenses, and service awards will be filed no later than _____, 2023 and will be posted on the settlement website.

### THE COURT'S FAIRNESS HEARING

**20.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at _____ m. MT on _____, 2023, at the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, CO 80294-3589 in Room ____ or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for service awards for the Settlement Class Representatives. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time or conducted via remote means without additional notice, so Settlement Class Counsel recommend checking **www.P2settlement.com** or calling 1-###-###-####.

**21.   Do I have to attend the hearing?**

No. Settlement Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

**22.   May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **mailed** to the Clerk of the Court, Settlement Class Counsel and Defendant's Counsel, postmarked no later than _____, 2023.

### IF YOU DO NOTHING

**23.   What happens if I do nothing?**

If you do nothing you will not get any money from this Settlement. If the Settlement is granted, the final approval and the judgment becomes final, and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties based on any of the Released Claims, ever again.

## GETTING MORE INFORMATION

| 24.   How do I get more information? |
| --- |

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.P2settlement.com.**   You may also call the Settlement Administrator with questions or to get a Claim Form at 1-###-###-####.


**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT
OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.**

# EXHIBIT C

Jones et al. v. P2ES Holdings,
LLC
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXXX

<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

### NOTICE OF CLASS ACTION SETTLEMENT

If you were impacted by the Data Incident experienced by P2ES Holdings, LLC, you are entitled to submit a claim for monetary compensation under a class action settlement.

**www.P2settlement.com**

## WHO IS A CLASS MEMBER?

In the lawsuit *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH (D. Colo.), you are a class member if your personal information was potentially accessed d as a result of the cyber-attack that P2Es Holdings, LLC ("Defendant") experienced in November 2021 (the "Settlement Class").

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Under the Settlement, Defendant has agreed to pay $1,250,000 into a Settlement Fund which will be distributed to Class Members who submit valid Claims, after deducting the Service Awards, Class Counsel's attorneys' fees and expenses, and settlement administration notice and administration costs, if such awards are approved by the Court. Class Members who suffered out-of-pocket expenses as a result of the Data Incident may claim up to $5,000 for the reimbursement of documented expenses. Class Members who spent time remedying issues related to the Data Incident may claim up to $100. Class Members who can prove verified fraudulent activity as a result of the Data Incident may claim up to $5,000 with documented proof. All Class Members may receive an estimated $50 cash payment if there is a remaining balance in the Settlement Fund after payments for valid Claims, settlement administration costs and expenses, attorneys' fees and expenses, and any Class Representative Service Awards. These cash payment amounts may not be $50, as they will be adjusted upwards or downwards depending on the amount of valid Claims. More information about the types of Claims and how to file them is available at the Settlement Website.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form**. To qualify for settlement benefits, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at **www.P2settlement.com** ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than **_____, 2023**. Kroll Settlement Administration is the Settlement Administrator.

**Opt Out or Object**. You can exclude yourself from the Settlement or you can object to the Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by [Opt-Out Deadline] or you will

not be able to sue the Released Parties for any claims relating to the Data Incident. If you exclude yourself, you cannot submit a claim or get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by [Objection Deadline]. To exclude yourself from or object to the Settlement, you must follow the instructions in the Full Notice, available at www.xxxsettlementxxx.com.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue the Released Parties regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing at _____ m. on _____, 2023** to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Class?** The Court appointed Terence R. Coates and Gary M. Klinger as Class Counsel to represent the Settlement Class. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount of up to $416,666.66, and the expenses will not exceed $15,000.00. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court. The named plaintiffs, also called the Class Representatives will also seek Service Awards in the amount of $5,000 each for their efforts in this case.

**Who is the Judge overseeing this settlement?** Judge Gordon P. Gallagher, United States District Judge, District of Colorado.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** www.P2settlement.com.

\*\*\* Please note that if you wish to submit a claim for compensation for out-of-pocket losses on the attached Claim Form, you will likely need to submit your claim online so you may attach all information necessary to support your request for payment.

**This Notice is a summary of the proposed Settlement.**

Postage
Required

Jones et al. v. P2ES Holdings,
LLC
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

<<Barcode>> Class Member ID:
<<Refnum>>

## CLAIM FORM

**Claims must be postmarked no later than _____, 2023. You may also submit a Claim Form online no later than _____, 2023.**

NAME: _____ ADDRESS: _____

**Monetary Compensation**

1. **Pro Rata Cash Payment of $50**: Would you like to receive a pro rate cash payment of $50? (circle one)      Yes            No
   If you are a Settlement Class Member, you may receive a $50 cash payment, which may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all claims are submitted and deductions are made from the Settlement Fund.

2. **Lost Time**: I am submitting a claim for monetary compensation of $ _____ for _____ hours of time spent remedying issues related to the Data Incident. I understand any monetary compensation I may receive under the Settlement for time spent is capped at four (4) total hours at a rate of $25 per hour for a total amount of $100.

3. **Out-of-Pocket Expenses**: I am submitting a claim for out-of-pocket monetary expenses in the amount of $_____ (not more than $5,000) on account of out-of-pocket expenses and/losses I incurred as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation to support my claim, such as providing copies of any receipts, bank statements, or other documentation supporting my claim. I understand that "self-prepared" documents are insufficient to receive reimbursement. I understand the Settlement Administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my claim, I will likely not receive compensation for this Settlement benefit. I understand any monetary compensation I may receive under the Settlement for out-of-pocket monetary expenses is capped at $5,000.

4. **Verified Fraud**: I am submitting a claim for monetary compensation in the amount of $ _____ for verified incidents ($250 per occurrence) of fraud which occurred as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation to support my claim. I understand the Settlement Administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my claim, I will likely not receive compensation for this Settlement benefit. I understand any monetary compensation is capped at $5,000.

   **By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this claim form to the best of my personal knowledge.**

   **Signature: _____ Date: _____**

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| DIANE S. JONES, and JOAN OGG, | ) | |
| *on behalf of themselves and all others* | ) | Case No. 23-cv-00408-GPG-MEH |
| *similarly situated*, | ) | |
| | ) | Judge Hon. Gordon P. Gallagher |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **[PROPOSED] ORDER GRANTING** |
| | ) | **PRELIMINARY APPROVAL OF** |
| P2ES HOLDINGS, LLC, | ) | **CLASS ACTION SETTLEMENT** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant P2ES Holdings, LLC ("Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.      The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiffs, Class Members, Defendant, and any part to any agreement that is part of or related to the Settlement Agreement.

2.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Diane S. Jones and Joan Ogg as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Kroll Settlement Administration, LLC as the Settlement Administrator, the various forms of class

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

3.      The Court does hereby preliminarily and conditionally approve and certify, solely for settlement purposes, the following Class:

**All natural persons who were impacted in the November 2021 Data Incident.[2]**

4.      Based on the information provided: the Class is ascertainable; it consists of approximately 179,659 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

5.      The Court appoints Plaintiffs Diane S. Jones and Joan Ogg as the Class Representatives.

6.      The Court appoints Terence R. Coates, Justin C. Walker, and Dylan J. Gould of Markovits, Stock & DeMarco, LLC and Gary M. Klinger and David K. Lietz of Milberg Coleman

---

[2] "Data Incident" shall mean the cybersecurity incident against P2ES Holdings, LLC giving rise to the Action.

Bryson Phillips Grossman, PLLC as Class Counsel for the Class.

7.      The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator.

8.      A Final Approval Hearing shall be held before the Court on_____[date]_____, 2024 at ____[time]_____ for the following purposes:

a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

c. To determine whether the notice plan conducted was appropriate;

d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

e. To determine whether the requested Class Representative Service Awards of $5,000.00 each, and Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($416,666.66), and litigation expenses up to $15,000.00 should be approved by the Court;

f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

g. To rule upon such other matters as the Court may deem appropriate.

9.      The Court approves, as to the form and content, the Notices (including the Short Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best

notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

10.     The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days after preliminary approval order |
| Long and Short Notices Posted on the Settlement Website | Upon Notice Date |
| Notice Date | +45 days after preliminary approval order |
| Notice Completion Date | +15 days after Notice Date |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | -14 days before the Opt-Out and Objection Deadlines |
| Objection Deadline | +60 days after Notice Date |
| Opt-Out Deadline | +60 days after Notice Date |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +70 days after objection/opt-out deadline |
| Claims Deadline | +90 days after Notice Date |
| | |
| **Final Approval Hearing** | _____, 2024 |
| Motion for Final Approval | -14 days from the Final Approval Hearing |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +30 days after Effective Date |
| Payment of Claims to Class Members | +30 days of Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

11.     In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice

Date. Counsel for Defendant, Class Counsel, and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

12.     Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to Kroll. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll, or Class Counsel. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

13.     Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i)      his/her full name, address, and current telephone number;

(ii)     the name and number of this case;

(iii)    all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials;

(iv)    the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and

(v)     the objector's signature.

If represented by counsel, the objecting Settlement Class Member must also provide the

name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

Any Objection failing to include the requirements expressed above will be deemed to be invalid, and shall be deemed to have waived any objection to (a) the Settlement, (b) the Released Claims and the Released Parties, (c) entry of Final Approval or any judgment, (d) Class Counsel's motion for fees, costs, and/or € Service Awards, whether by appeal, collateral attack, or otherwise.

. Furthermore, any Class Member validly objecting to the Settlement agrees to submit to any discovery related to the Objection. Any Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection. Class Members who have submitted a valid request for objection shall be entitled to be heard at the Final Approval Hearing.

14. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided for in the Settlement Agreement, including the Released Claims against the Released Parties, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. Upon entry of the Order and Final Judgment, all Class Members who have not timely requested to be excluded from the Class will be enjoined from proceeding against the Released Parties with respect to all Released Claims. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement

Agreement or any Final Approval order as to P2ES Holdings, LLC in this Action.

15.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against the Released Parties.

16.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and the Class Members shall retain all of their current rights to assert any and all claims against Defendant, and Defendant shall retain any and all of its current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).

17.     Neither this Order nor the Settlement Agreement, nor any other settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or settlement-related documents, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendant as to the validity of any claims that have been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the proposed settlement.

18.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members, and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court

may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

IT IS SO ORDERED.

/s/_____
The Honorable Gordon P. Gallagher
United States District Judge