IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-00408-GPG-MEH

DIANE S. JONES, and
JOAN OGG, *on behalf of themselves
and all others similarly situated,*

      Plaintiffs,

v.

P2ES HOLDINGS, LLC,

      Defendant.

---

## **ORDER**

---

      Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant P2ES Holdings, LLC ("Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

      IT IS HEREBY ORDERED THAT:

      1.      The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Litigation, Plaintiffs, Class Members, Defendant, and any part to any agreement that is part of or related to the Settlement Agreement.

      2.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Diane S. Jones and Joan Ogg as the Class

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Kroll Settlement Administration, LLC as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

3. The Court does hereby preliminarily and conditionally approve and certify, solely for settlement purposes, the following Class:

**All natural persons who were impacted in the November 2021 Data Incident.[2]**

4. Based on the information provided: the Class is ascertainable; it consists of approximately 179,659 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that the proposed Class Representatives are members of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

---

[2] "Data Incident" shall mean the cybersecurity incident against P2ES Holdings, LLC giving rise to the Action. The Class excludes (i) Defendant and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the fairness of the settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

2

5. The Court appoints Plaintiffs Diane S. Jones and Joan Ogg as the Class Representatives.

6. The Court appoints Terence R. Coates, Justin C. Walker, and Dylan J. Gould of Markovits, Stock & DeMarco, LLC and Gary M. Klinger and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel for the Class.

7. The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator.

8. A Final Approval Hearing shall be held before the Court on **April 15, 2024, at 9:00 AM** for the following purposes:

   a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

   b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

   c. To determine whether the notice plan conducted was appropriate;

   d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

   e. To determine whether the requested Class Representative Service Awards of $5,000.00 each, and Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($416,666.66), and litigation expenses up to $15,000.00 should be approved by the Court;

   f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

   g. To rule upon such other matters as the Court may deem appropriate.

9. The Court approves, as to the form and content, the Notices (including the Short Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

10. The Court preliminarily approves the below Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement. The Court notes that it has slightly modified Plaintiffs' proposed settlement timeline: **Plaintiffs are Ordered to file their Motion for Final Approval no later than 28 days before the Final Approval Hearing.** The Settlement Timeline, as modified by the Court, is reflected below:

### SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days after preliminary approval order |
| Long and Short Notices Posted on the Settlement Website | Upon Notice Date |
| Notice Date | +45 days after preliminary approval order |
| Notice Completion Date | +15 days after Notice Date |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | -14 days before the Opt-Out and Objection Deadlines |
| Objection Deadline | +60 days after Notice Date |
| Opt-Out Deadline | +60 days after Notice Date |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +70 days after objection/opt-out deadline |
| Claims Deadline | +90 days after Notice Date |
| | |
| **Final Approval Hearing** | April 15, 2024 |

| Motion for Final Approval | -28 days from the Final Approval Hearing |
|---|---|
|  |  |
| **From Order Granting Final Approval** |  |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +30 days after Effective Date |
| Payment of Claims to Class Members | +30 days of Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

11. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Counsel for Defendant, Class Counsel, and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

12. Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to Kroll. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll, or Class Counsel. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

13. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

5

      (i)      his/her full name, address, and current telephone number;

      (ii)     the name and number of this case;

      (iii)    all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials;

      (iv)    the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and

      (v)     the objector's signature.

If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

Any Objection failing to include the requirements expressed above will be deemed to be invalid, and shall be deemed to have waived any objection to (a) the Settlement, (b) the Released Claims and the Released Parties, (c) entry of Final Approval or any judgment, (d) Class Counsel's motion for fees, costs, and/or Service Awards, whether by appeal, collateral attack, or otherwise.

Furthermore, any Class Member validly objecting to the Settlement agrees to submit to any discovery related to the Objection. Any Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection. Class Members who have submitted a valid request for objection shall be entitled to be heard at the Final Approval Hearing.

14. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided for in

the Settlement Agreement, including the Released Claims against the Released Parties, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. Upon entry of the Order and Final Judgment, all Class Members who have not timely requested to be excluded from the Class will be enjoined from proceeding against the Released Parties with respect to all Released Claims. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to P2ES Holdings, LLC in this Action.

15. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against the Released Parties.

16. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and the Class Members shall retain all of their current rights to assert any and all claims against Defendant, and Defendant shall retain any and all of its current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).

17. Neither this Order nor the Settlement Agreement, nor any other settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or settlement-related documents, shall constitute, be construed as, or be deemed to be evidence of or

7

an admission or concession by Defendant as to the validity of any claims that have been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the proposed settlement.

18.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members, and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

IT IS SO ORDERED.

DATED October 12, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge