# EXHIBIT
# 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| DIANE S. JONES, and JOAN OGG, *on behalf of themselves and all others similarly situated,* | Civil Action No. 23-cv-00408-GPG-MEH |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **DECLARATION OF SCOTT M. FENWICK OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT** |
| P2ES HOLDINGS, LLC, | |
| Defendant. | |

I, Scott M. Fenwick, declare as follows:

## INTRODUCTION

1.    I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator appointed in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103.  I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself.  The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision.  This declaration is being filed in connection with final approval of the settlement.

2.    Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, labor and employment, consumer, and government enforcement matters.  Kroll has provided notification and/or claims administration services in more than 3,000 cases.

## BACKGROUND

3.    Kroll was appointed as the Settlement Administrator to provide notification and claims administrative services in connection with that certain Settlement Agreement (the "Settlement Agreement") entered into in this Litigation.  Kroll's duties in connection with the settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Class Member Information from counsel for Defendant; (c) creating a Settlement Website with online claim filing capabilities; (d) establishing a toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending the Short Notice via first-class mail; (g) preparing and sending email notice; (h) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (i) receiving and processing undeliverable mail, without a forwarding address, from the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement as defined below.

USPS; (j) receiving and processing Claim Forms; (k) receiving and processing Opt-Outs; and (l) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

### The CAFA Mailing

4.      As noted above, on behalf of the Defendant, Kroll provided notice of the proposed settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) (the "CAFA Notice"). At counsel for Defendant's direction, on October 13, 2023, Kroll sent the CAFA Notice via first-class mail, a true and correct copy of which is attached hereto as **Exhibit A**, itemizing the documents required, to (a) the Attorney General of the United States, and (b) fifty-six (56) state and territorial Attorneys General, identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**.    The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the settlement referenced in the CAFA Notice.

### Data and Case Setup

5.      On October 23, 2023, Kroll received one (1) data file from counsel for Defendant, containing the Class Member Information, consisting of 179,658 lines of data. Each line of data contained fields for full name, first name, middle initial, last name suffix, street address, city, state, zip code, telephone, additional addresses and Social Security numbers ("SSN"). Kroll undertook several steps to clean the data and compile the eventual Class Member Information for sending notice. After de-duping, the Class Member Information contained records for 176,329 Class Members, of which 170,018 records contained a physical mailing address. Kroll was unable to locate physical mailing addresses for the remaining records following a reverse look-up search conducted pursuant to section 3.2(b) of the Settlement Agreement.  For those records where no physical mailing address could be found, Class Counsel and Defendant's counsel (collectively, "Counsel") also requested Kroll perform a skip-trace using name and SSN to obtain email addresses. As a result, Kroll was able to obtain email addresses for ninety-two (92) Class Members. As agreed to and directed by Counsel, if an email address was obtained, those Class Members

received a notice via email.  Finally, in an effort to ensure that Short Notices would be deliverable to Class Members, Kroll ran the Class Member Information through the USPS's National Change of Address ("NCOA") database and updated the Class Member Information with address changes received from the NCOA.

6.      On October 4, 2023, Kroll created a dedicated Settlement Website entitled www.P2Settlement.com.  The Settlement Website went live on November 26, 2023, and contains information about the settlement, answers to frequently asked questions, important dates and deadlines such as the Final Approval Hearing, Claims Deadline, and Opt-Out and Objection Dates, contact information for the Settlement Administrator, copies of the Settlement Agreement, Preliminary Approval Order, Claim Form, Long Notice, and Short Notice. It also provided Class Members an opportunity to file a Claim Form online.

7.      On October 5, 2023, Kroll established a toll-free telephone number, 833-383-8488, for Class Members to call and obtain additional information regarding the settlement through an Interactive Voice Response ("IVR") system. Class Members could also leave a voicemail and receive a callback from a live operator. As of March 15, 2024, the IVR system has received 167 calls, and 47 callers have received callbacks from live operators.

8.      On October 23, 2023, Kroll designated a post office box with the mailing address *Jones et al. v. P2ES Holdings, LLC*, c/o Kroll Settlement Administration LLC, PO Box 225391, New York, NY 10150-5391, in order to receive Opt-Outs, Claim Forms, and correspondence from Class Members.

**The Notice Program**

9.       On November 27, 2023, Kroll caused 170,018 Short Notices to be mailed via first-class mail.  A true and correct copy the Short Notice, along with the Long Notice and Claim Form, are attached hereto as **Exhibits C, D, and E,** respectively.

10.     On November 27, 2023, Kroll caused the email notice to be sent to the ninety-two (92) email addresses on file for Class Members, as noted above.  A true and correct copy of a complete exemplar email notice (including the subject line) is attached hereto as **Exhibit F.**  Of

the ninety-two (92) emails attempted for delivery, twenty-nine (29) emails were rejected/bounced back as undeliverable. No further action was taken on the rejected emails, as no physical mailing address was available.

## NOTICE PROGRAM REACH

11.     As of March 15, 2024, 512 Short Notices were returned by USPS with a forwarding address.  Of those, 384 Short Notices were automatically re-mailed to the updated addresses provided by USPS. The remaining 128 Short Notices were re-mailed by Kroll to the updated address provided by the USPS.

12.     As of March 15, 2024, 30,792 Short Notices were returned by the USPS as undeliverable as addressed, without a forwarding address.  Kroll ran 29,068 undeliverable records through an advanced address search. The advanced address search produced 20,719 updated addresses. Kroll has re-mailed Short Notices to the 20,719 updated addresses obtained from the advance address search. Of the 20,719 re-mailed Short Notices, 3,954 have been returned as undeliverable a second time and no further action was taken.  Kroll will continue to skip-trace the remaining 1,724 undeliverable Short Notices and any further Short Notices returned as undeliverable without a forwarding address.

13.     Based on the foregoing, following all Short Notice re-mailings, Kroll has reason to believe that Short Notices likely reached 156,054 of the 170,110 Class Members to whom a Short Notice was mailed or emailed, which equates to a reach rate of the direct notice of approximately 91.74%.  This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches[2] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[3] The table below provides an overview of dissemination results for the direct notice program.

---

[2] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[3] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation:  A Pocket Guide for Judges, at 27 (3d Ed. 2010).

| Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| Description | Volume of Class Members | Percentage of Class Members |
| Class Members | 170,110 | 100.0% |
| Initial Short Notice Mailing | | |
| (+) Short Notices Mailed (Initial Campaign) | 170,018 | 99.95% |
| (-) Total Short Notices returned as undeliverable | (30,792) | 18.10 % |
| Initial Email Notice Mailing | | |
| (+) Email notices (Initial Campaign) | 92 | 0.05% |
| (-) Total email notices bounced/rejected as undeliverable | (29) | 0.02% |
| Supplemental Short Notice Mailing | | |
| (+) Total Unique Short Notices Re-mailed | 20,719 | 12.18% |
| (-) Total Undeliverable (Re-Mailed) Short Notices | (3,954) | 2.32% |
| Direct Notice Program Reach | | |
| (=) Received Direct notice | 156,054 | 91.73% |

## CLAIM ACTIVITY

14.    The last day to submit a Claim Form was February 26, 2024.

15.    As of March 15, 2024, Kroll has received 4,135 Claim Forms filed through the mail and 1,160 Claim Forms filed electronically through the Settlement Website.  Kroll is still in the process of reviewing and validating Claim Forms.

16.    To prevent Claim Forms from being filed by individuals outside the Class and to curtail fraud, Class Members were provided a unique "Class Member ID" on their respective notices. The Class Member ID was required for Class Members to file a Claim Form online.

17.    Kroll is continuing the validation process for the 5,295 Claim Forms submitted. As March 15, Kroll has determined that 441 Class Members have provided deficient Claim Forms. Kroll sent deficiency notices to those Class Members on March 14, 2024, giving them 14 days to cure their deficiency. True and correct copies of the deficiency notices are available as **Exhibit G**.

18.    As of March 15, 2024, Kroll has received twenty (20) late Claim Forms.

## EXCLUSIONS AND OBJECTIONS

19.    The Opt-Out and Objection Dates were January 26, 2024.

20.     Kroll has received four (4) timely Opt-Outs. A list of the Opt-Outs received is attached hereto as **Exhibit H**.  Class Members were not directed to send objections to the Settlement Administrator, and none have been received by Kroll.

## COSTS OF NOTICE PROGRAM

21.     As of March 15, 2024, Kroll has billed $152,955.32 for services and fees incurred in the administration of this matter. True and correct copies of the invoices generated to date are attached hereto as **Exhibit I**.  Kroll estimates it will bill approximately $69,000 to complete the administration of this settlement, which includes claim deficiencies review, all tasks related to distribution and post-distribution, along with other tasks related to case completion.  The current estimate is subject to change depending on factors such as the number of Claim Forms remaining to be reviewed, and any Settlement administration scope change not currently under consideration.

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on March 18, 2024, in Inver Grove Heights, Minnesota.

SCOTT M. FENWICK

# Exhibit A

**KROLL**
SETTLEMENT
ADMINISTRATION

VIA U.S. MAIL

Date:    October 13, 2023

To:      All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
         (*see attached service list*)

Re:      CAFA Notice for the proposed Settlement in *Jones et al. v. P2ES Holdings, LLC,*
         23-cv-00408-GPG-MEH, pending in the United States District Court for the
         District of Colorado.


Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.
§ 1715, Defendant P2ES Holdings, LLC ("Defendant" or "P2ES Holdings, LLC") hereby notifies
you of the proposed settlement of the above-captioned action (the "Action"), currently pending in
the United States District Court for the District of Colorado. (the "Court").

Eight items must be provided to you in connection with any proposed class action
settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits
are available for download at www.CAFANotice.com under the folder entitled *Jones et al. v. P2ES
Holdings, LLC:*

1.    28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the
      complaint and any amended complaints.

      The Class Action Complaints and Consolidated Amended Class Action Complaint,
      are available as **Exhibit A, A1 and A2**.

2.    28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class
      action.

      On October 5, 2023, Plaintiff filed a motion for preliminary approval of the class
      action settlement, and the date of the preliminary approval hearing has not yet been
      set. The Court has not yet scheduled the Final Approval Hearing for this matter.
      The proposed Preliminary Approval Order is available as **Exhibit B**.

3.    28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members.

      Copies of the proposed Long Notice, Short Notice and Claim Form will be provided
      to Class Members and will be available on the Settlement Website created for the
      administration of this matter. These are available as **Exhibits C**, **D**, and **E**,
      respectively. The Notices describe, among other things, the claim submission

process and the Class Members' rights to object or exclude themselves from the Class.

4.  28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement.

    The Settlement Agreement is available as **Exhibit F**.

5.  28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants.

    There are no other settlements or other agreements between Class Counsel and counsel for Defendant beyond what is set forth in the Settlement Agreement.

6.  28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal.

    The Court has not yet entered a Final Judgment or notice of dismissal. Accordingly, no such document is presently available.

7.  28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.

    The definition of the Class in the proposed Settlement Agreement means all natural Persons who were impacted in the November 2021 Data Incident. The Class specifically excludes: (i) P2 and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

    At this juncture, it is not feasible to provide the name and state of residence for each of the estimated class members covered by the proposed settlement. However, pursuant to Section (b)(7)(B), P2ES Holdings, LLC provides the attached estimate of the number of class members residing in each state and the estimated proportionate share of the claims of those members to the settlement as **Appendix A.**

    The proportionate share of the settlement amount that each class member is eligible to receive is dependent upon certain matters to be determined by the Court at the final approval hearing (including, for example, the amount of the attorneys' fees and litigation costs, if any, to award to class counsel and the amount of any class representative award to plaintiff), whether certain class members cannot be located, the results of additional diligence to resolve any discrepancies in Defendant's business records, and certain other matters that will not be known until the time of the final approval hearing (including, for example, the number of class members that request exclusion from the Jones et al. v. P2ES Holdings, LLC Action).

At this time, and as set forth in detail in the Settlement Agreement, Defendant estimates that each class member who does not exclude himself or herself from the Jones et al. v. P2ES Holdings, LLC Action will be eligible to receive a Pro-Rata Cash Payment, compensation for out-of-pocket losses reasonably traceable to the Data Incident up to $5,000, reimbursement for time spent remedying issues related to the Data Incident up to four hours at a rate of $25 per hour, and $250 per documented incident of fraud up to $5,000.

8.    <u>28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6)</u>.

There has been no written judicial opinion.

If you have any questions about this CAFA Notice, the Litigation, or the materials available for download at www.CAFANotice.com under the folder entitled *Jones et al. v. P2ES Holdings, LLC,* please contact the undersigned below.

Respectfully submitted,

Maggie McGill
Senior Manager
Maggie.McGill@Kroll.com

**APPENDIX A**

| Row Labels | State Count |
|---|---:|
| AK | 184 |
| AL | 1,439 |
| AR | 5,303 |
| AZ | 1,764 |
| CA | 11,202 |
| CO | 5,252 |
| CT | 268 |
| DC | 101 |
| DE | 69 |
| FL | 2,220 |
| GA | 905 |
| HI | 154 |
| IA | 380 |
| ID | 378 |
| IL | 1,056 |
| IN | 443 |
| KS | 1,914 |
| KY | 271 |
| LA | 13,868 |
| MA | 357 |
| MD | 497 |
| ME | 73 |
| MI | 609 |
| MN | 869 |
| MO | 1,154 |
| MS | 2,184 |
| MT | 1,593 |
| NC | 834 |
| ND | 2,261 |
| NE | 542 |
| NH | 85 |
| NJ | 321 |
| NM | 2,060 |
| NV | 609 |
| NY | 941 |
| OH | 1,068 |
| OK | 11,428 |
| OR | 1,036 |
| PA | 647 |
| PR | 5 |
| RI | 56 |
| SC | 358 |

Exhibit B

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
Territory of American Samoa
Pago Pago, AS 96799

**Arizona Attorney General**
Kristin Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
Ashley Moody
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Daniel Cameron
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Jeff Landry
P.O. Box 94095
Baton Rouge, LA 70804

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Andrea Campbell
1 Ashburton Place
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
75 Dr. Martin Luther King, Jr. Blvd.
Suite 102, State Capital
St. Paul, MN 55155

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
100 N. Carson St.
Old Supreme Ct. Bldg.
Carson City, NV 89701

**New Hampshire Attorney General**
John Formella
33 Capitol St.
Concord, NH 03301

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508
Santa Fe, NM 87504

**New York Attorney General**
Letitia A. James
Department of Law
The Capitol, 2nd Floor
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
Department of Justice
P.O. Box 629
Raleigh, NC 27602

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney
General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Michelle Henry
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Domingo Emanuelli Hernandez
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
425 5th Avenue North
Nashville, TN 37243

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Carol Thomas- Jacobs
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Sean Reyes
State Capitol, Rm. 236
Salt Lake City, UT 84114

**Vermont Attorney General**
Charity Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
Patrick Morrisey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
State Capitol Bldg.
109 State Capitol
Cheyenne, WY 82002

Exhibit C

Jones et al. v. P2ES Holdings, LLC
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

**NOTICE OF CLASS ACTION
SETTLEMENT**

If you were impacted by the Data
Incident experienced by P2ES
Holdings, LLC, you are entitled
to submit a claim for monetary
compensation under a class action
settlement.

**www.P2settlement.com**

<<Refnum Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark or cover**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## WHO IS A CLASS MEMBER?

In the lawsuit *Jones et al. v. P2ES Holdings, LLC,* Case No. 1:23-cv-00408-GPG-MEH (D. Colo.), you are a Class Member if your personal information was potentially compromised as a result of the cyber-attack that P2Es Holdings, LLC ("P2") experienced in November 2021 (the "Settlement Class").

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Under the settlement, Defendant has agreed to pay $1,250,000 into a Settlement Fund which will be distributed to Class Members who submit Valid Claims, after deducting the Service Awards, Class Counsel's attorneys' fees and expenses, and Costs of Settlement Administration and Administration Fees, if such awards are approved by the Court. Class Members who suffered out-of-pocket expenses as a result of the Data Incident may claim up to $5,000 for the reimbursement of documented expenses. Class Members who spent time remedying issues related to the Data Incident may claim up to $100. Class Members who can prove verified fraudulent activity as a result of the Data Incident may claim up to $5,000 with documented proof. All Class Members may receive an estimated $50 cash payment if there is a remaining balance in the Settlement Fund after payments for Valid Claims, Costs of Settlement Administration and Administration Fees, attorneys' fees and expenses, and any Class Representative Service Awards. These cash payment amounts may not be $50, as they will be adjusted upwards or downwards depending on the amount of Valid Claims. More information about the types of Claims and how to file them is available at the Settlement Website.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for settlement benefits, you must timely mail a Claim Form that is attached to this Short Notice or timely complete and submit a Claim Form online at **www.P2settlement.com** ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than **February 26, 2024.** Kroll Settlement Administration is the Settlement Administrator.

**Opt Out or Object.** You can exclude yourself from the settlement or you can object to the settlement. If you do not want to be legally bound by the settlement, you must exclude yourself by **January 26, 2024,** or you will not be able to sue the Released Parties for any claims relating to the Data Incident. If you exclude yourself, you cannot submit a claim or get money from this settlement. If you stay in the Class, you may object to the settlement by **January 26, 2024.** To exclude yourself from or object to the settlement, you must follow the instructions in the Full Notice, available at **www.P2settlement.com.**

**Do Nothing.** If you do nothing, you will not receive a settlement payment and will lose the right to sue the Released Parties regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at **9:00 a.m** on **April 15, 2024**, to determine if the settlement is fair, reasonable, and adequate. All persons who timely object to the settlement may appear at the Final Approval Hearing.

**Who is the Judge overseeing this settlement?** Judge Gordon P. Gallagher, United States District Judge, District of Colorado.

**Where may I locate a copy of the Settlement Agreement, learn more about the case, or learn more about submitting a Claim?** **www.P2settlement.com**.

\*\*\* Please note that if you wish to submit a claim for compensation for out-of-pocket losses on the attached Claim Form, you will likely need to submit your claim online so you may attach all information necessary to support your request for payment.

**This Notice is a summary of the proposed Settlement.**

Postage
Required

Jones et al. v. P2ES Holdings, LLC
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

<<Barcode>>

Class Member ID: <<Refnum>>

### **CLAIM FORM**

**Claims must be postmarked no later than February 26, 2024. You may also submit a Claim Form online no later than February 26, 2024.**

FIRST NAME : _____    LAST NAME: _____

ADDRESS: _____

EMAIL ADDRESS: _____@_____

Monetary Compensation

☐ Pro Rata Cash Payment of $50: Would you like to receive a pro rate cash payment of $50? (circle one)    Yes    No
If you are a Class Member, you receive a $50 cash payment, which may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all claims are submitted and deductions are made from the Settlement Fund.

☐ Lost Time: I am electing to seek reimbursement for Lost Time spent remedying issues related to the data incident.

☐ I attest that I spent _____ hours of Lost Time, and that this Lost Time was actually spent as a result of the Data Incident.

☐ Out-of-Pocket Expenses: I am electing to seek reimbursement for unreimbursed Out-of-Pocket Losses in the amount of $_____ (not more than $5,000)on account of out-of-pocket expenses/losses I incurred on ___ ___ /___ ___ /___ ___ (MM/DD/YY) as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation to support my claim, such as providing copies of any receipts, bank statements, or other documentation supporting my claim. I understand that "self-prepared" documents are insufficient to receive reimbursement. I understand the Settlement Administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my claim, I will likely not receive compensation for this Settlement benefit. I understand any monetary compensation I may receive under the Settlement for out-of-pocket monetary expenses is capped at $5,000.

☐ Verified Fraud: I am electing to seek reimbursement for one or more incidents of Verified Fraud in the amount of $_____ for verified incidents ($250 per occurrence) of fraud which occurred on ___ ___ /___ ___ /___ ___ (MM/DD/YY) as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation to support my claim. I understand the Settlement Administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my claim, I will likely not receive compensation for this Settlement benefit. I understand any monetary compensation is capped at $5,000.

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this claim form to the best of my personal knowledge.**

**Signature:** _____    **Date:** ___ ___ / ___ ___ / ___ ___ (MM/DD/YY)

Exhibit D

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

*Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH

### <u>A Court has authorized this Notice. This is not a solicitation from a lawyer.</u>

---

### If You Were Impacted by the Data Incident Experienced by P2ES Holdings, LLC, You Could be Eligible for a Payment from a Class Action Settlement

---

- You may be eligible to receive a payment from a proposed $1,250,000 non-reversionary class action settlement (the "Settlement Fund").

- The class action lawsuit concerns the November 2021 Data Incident involving P2ES Holdings, LLC ("Defendant") in which Plaintiffs allege that an unauthorized third party gained access to certain of Defendant's files containing the sensitive personal information including names and Social Security numbers of current and former customers of Defendant's clients and customers, their dependents, and other individuals affiliated with Defendant. Defendant disagrees with Plaintiffs' claims and denies any liability or wrongdoing.

- To be eligible to make a claim, your data must have been impacted in the November 2021 Data Incident experienced by Defendant.

- Eligible claimants under the Settlement Agreement will be eligible to receive:

    - **Reimbursement for the actual amount of unreimbursed out-of-pocket expenses up to $5,000, with supporting documentation of the monetary losses;**

    - **Compensation of up to $100 for time spent dealing with fraud, identity theft, or other alleged misuse of your personal information that is fairly traceable to the Data Incident;**

    - **Compensation for incidents of verified fraud of up to $5,000, with supporting documentation, including $250 per documented incident of identity fraud or fraudulent activity on an account; and**

    - **$50 cash payment from the Settlement Fund that will be increased or decreased pro rata depending on the amount remaining in the Settlement Fund after allocation of the Settlement Fund for reimbursement of documented out-of-pocket expenses, payments for lost time, payments for documented incidents of fraud, attorneys' fees and expenses, Class Representative Service Awards, and Costs of Settlement Administration.**

- For more information or to submit a claim visit **www.P2settlement.com** or call **(833) 383-8488.** An interactive voice response system is available at all times, and you may leave a message and receive a callback Monday through Saturday, between 8:30 a.m. and 5:00 p.m. E.T.

- **Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | You must submit a Valid Claim form to receive payment. | Submitted or Postmarked on or Before **February 26, 2024** |
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant for the same claims if you are a class member. | Submitted or Postmarked on or Before **January 26, 2024** |
| **Object to the Settlement and/or Attend the Fairness Hearing** | Stay in the settlement, but tell the Court about why you disagree with the settlement. You will still be bound by the settlement if the Court approves it. You can also ask to speak to the Court at the Final Approval Hearing on **April 15, 2024** about the fairness of the settlement, with or without your own attorney. | Submitted or Postmarked  on or Before **January 26, 2024** |
| **Do Nothing** | Receive no payment. Give up rights if you are a Class Member. | No Deadline. |

- Your rights and options as a Class Member— and the deadlines to exercise your rights—are explained in this notice.

- The Court still will have to decide whether to approve the settlement. Payments to Class Members will be made if the Court approves the settlement and after any possible appeals are resolved.

| **What This Notice Contains** |
|---|

**BASIC INFORMATION** ............................................................................................ **PAGE 4**

**WHO IS IN THE SETTLEMENT?** ........................................................................ **PAGE 4-5**

**THE SETTLEMENT BENEFITS- WHAT YOU GET IF YOU QUALIFY** ................................... **PAGE 5**

**HOW DO YOU SUBMIT A CLAIM?** .......................................................................... **PAGE 6**

**WHAT DOES DEFENDANT GET?** ............................................................................. **PAGE 6**

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................... **PAGE 6-7**

**OBJECTING TO THE SETTLEMENT** ........................................................................ **PAGE 7**

**THE LAWYERS REPRESENTING YOU** ..................................................................... **PAGE 8**

**THE COURT'S FAIRNESS HEARING** ....................................................................... **PAGE 8**

**IF YOU DO NOTHING** ........................................................................................... **PAGE 9**

**GETTING MORE INFORMATION** ............................................................................ **PAGE 9**

## BASIC INFORMATION

| 1. Why is there a notice? |
| --- |

The Court authorized this Notice because you have a right to know about the settlement, and all of your options, before the Court decides whether to give "final approval" to the settlement. This Notice explains the nature of the lawsuit that is the subject of the settlement, the general terms of the settlement, and your legal rights and options.

Judge Gordon P. Gallagher of the United States District Court for the District of Colorado is overseeing this case captioned as *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH. The people who brought the lawsuit are called the Plaintiffs. The company being sued, P2ES Holdings, LLC, is called the Defendant.

| 2. What is this lawsuit about? |
| --- |

Plaintiffs filed this lawsuit against Defendant, individually, and on behalf of anyone whose personally identifiable information ("PII") was potentially accessed as a result of the Data Incident.

Plaintiffs allege that as a result of the Data Incident, unauthorized third parties accessed their, and Class Members, PII and asserted claims against Defendant for: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) breach of third-party beneficiary contract; (5) breach of confidence; (6) unjust enrichment; and (7) violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.* ("Litigation").

Defendant denies these claims and denies any wrongdoing or liability. No court or other judicial entity has made any judgment or other determination that Defendant has any liability on these claims or did anything wrong.

| 3. Why is this lawsuit a class action? |
| --- |

In a class action, one or more people called Class Representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the class.

| 4. Why is there a Settlement? |
| --- |

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the settlement. The settlement avoids the cost and risk of further litigation or trial. The Class Representatives, Defendant, and their attorneys believe that the settlement is fair, reasonable, and adequate, and in the best interest of the Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
| --- |

You are included in the settlement if your information was impacted by the Data Incident.

Only Class Members are eligible to receive benefits under the settlement. Specifically excluded from the Class are: (i) Defendant and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

4

| **6.** | **What if I am not sure whether I am included in the Settlement?** |

If you are not sure whether you are included in the settlement, you may call **(833) 383-8488** with  questions. You may also write with questions to:

Jones et al. v. P2ES Holdings, LLC
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

**THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY**

| **7.** | **What does the Settlement provide?** |

The settlement provides that Defendant will fund the following payments up to a total of $1,250,000: (a) $25 per hour, up to a total of $100, for Class Members who attest that the time claimed was actually spent as a result of the Data Incident; (b) up to $5,000 for reimbursement of your documented out-of-pocket expenses reasonably traceable to the Data Incident; (c) $50 Pro Rata Cash Payment, and/or (d) $250 for each verified and documented incident of fraud (included in the cap of $5,000 for unreimbursed expenses) that you incurred.

After the distribution of attorneys' fees, Class Counsel's litigation expenses, Administration Fees, Service Awards, and settlement benefits to claimants, the Settlement Administrator will make a *pro rata* settlement payment of $50 (referenced in the previous paragraph under (c)), subject to adjustment as set forth in the below paragraph, out of any remaining funds to each Class Member who submits a claim for this additional cash payment. No documentation or attestation is required.

The settlement benefits are also subject to pro rata reduction in the event that the total claims exceed the $1,250,000 cap on payments, and payments may also be increased  on a pro rata basis until the Settlement Fund is distributed. Payment of attorneys' fees, costs and expenses (see Question 19) and the costs of notifying the Class and administering the settlement will also  paid out of the settlement.

| **8.** | **What payments are available for reimbursement under the settlement?** |

Class Members who submit a claim are eligible to receive:

a) Reimbursement of actual, documented, unreimbursed out-of-pocket expenses resulting from the Data Incident (up to $5,000 in total), such as:

- unreimbursed losses relating to fraud or identity theft;

- professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;

- costs associated with freezing or unfreezing credit with any credit reporting agency;

- credit monitoring costs that were incurred on or after November 11, 2021; and

- Other expenses reasonably attributable to the Data Incident, such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.

b) Compensation for time spent remedying issues related to the Data Incident, up to the amount of $100.

c) Compensation for verified and documented instances of fraud at $250 per occurrence, up to the amount of $5,000 in total.

d) A potential residual cash payment of the remainder funds, which is estimated to be at $50 but may adjusted upward or downward based on how many other claims are made.

## HOW DO YOU SUBMIT A CLAIM?

### 9.    How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **www.P2settlement.com** or by calling **(833) 383-8488.** Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

### 10.    How will claims be decided?

The Settlement Administrator will decide whether and to what extent any claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner the claim will be considered invalid and will not be paid.

### 11.    When will I get my payment?

The Court will hold a hearing on **April 15, 2024 at 9a.m. MT** to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals from that decision and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## WHAT DOES DEFENDANT GET?

### 12.    What am I giving up as part of the Settlement?

If you stay in the settlement, you may submit a claim to receive payment, but you will not be able to sue the Released Parties for any claims related to the Data Incident ("Released Claims"). These releases are described in the Settlement Agreement, which is available at **www.P2settlement.com.** If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this settlement, then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.

### 13.    If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the settlement, but you will not be bound by any judgment in this case.

### 14.    If I do not exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to the Released Parties for the Released Claims. You must exclude yourself from the Class to start your own lawsuit or to be part of any different lawsuit relating to the claims released in this case. If you exclude yourself, do not submit a Claim Form to ask for any benefit under the settlement.

### 15.    How do I exclude myself from the Settlement?

To exclude yourself, you must send a timely letter that says you want to be excluded from the settlement in *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH, in the United States District Court for the District of Colorado. The letter should state your full name, address, and telephone number; and must (a) be individually and originally signed by you or by a person authorized by law to act on your behalf; and (b) clearly manifest your intent to be excluded from the settlement, to be excluded from the settlement, not to participate in the settlement, and/or to waive all rights to the benefits of the settlement. You must mail your exclusion request postmarked by **January 26, 2024**, to:

Jones et al. v. P2ES Holdings, LLC
c/o Kroll Settlement Administration LLC
Attn: Exclusion Request
P.O. Box 225391
New York, NY 10150-5391

Instructions on how to submit an Opt-Out are available at www.P2settlement.com or from the Settlement Administrator by calling **(833) 383-8488.**

## OBJECTING TO THE SETTLEMENT

| 16.   How do I tell the Court that I do not like the Settlement? |
|---|

You can tell the Court that you do not agree with the settlement or some part of it by objecting to the settlement. The Court will consider your views in its decision whether to approve the settlement. To object, you must mail your objection to Class Counsel and Defendant's Counsel, at the mailing addresses listed below, postmarked by **no later** than the objection deadline, **January 26, 2024.** In the alternative, you may mail your objection to the Clerk of the Court at the address below, or file it using the Court's ECF system:

| Court | Defendant's Counsel |
|---|---|
| Clerk of the Court<br>United States District Court for the District of Colorado<br>Alfred A. Arraj U.S. Courthouse<br>901 19th Street, Room A105<br>Denver, CO 80294-3589 | Casie D. Collignon<br>Keeley O. Cronin<br>BAKER & HOSTETLER LLP<br>1801 California Street, Suite 4400<br>Denver, CO 80202-2662 |
| **Settlement Class Counsel** |  |
| Terence Coates<br>Markovits, Stock, & DeMarco, LLC<br>119 East Court Street, Suite 530<br>Cincinnati, OH 45202 |  |

Your objection must be written and must include all of the following: (i) your full name and address; (ii) the case name and docket number, *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH, in the United States District Court for the District of Colorado; (iii) information identifying you as a Class Member, including proof that you are a member of the Class; (e.g., copy of the your settlement notice, copy of original notice of the Data Incident, or a statement explaining why you believe you are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection you believe is applicable; (v) the identity of any and all counsel representing you in connection with the objection; (vi) a statement whether you and/or your counsel (if you have counsel) will appear at the Final Approval Hearing; and (vii) your signature or the signature your duly authorized attorney or other duly authorized representative (if any) representing you in connection with the objection.

| 17.   What is the difference between objecting and asking to be excluded? |
|---|

Objecting is telling the Court that you do not like the settlement and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive any payment from the settlement. If you exclude yourself, you have no basis to object because you are no longer a member of the Class, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

### 18.   Do I have a lawyer in this case?

Yes. The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202 and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street, Suite 2100 Chicago, IL 60606 as Class Counsel, to represent the Class in settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19.   How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to $416,666.66, plus litigation expenses not to exceed $15,000. Defendant has agreed to pay any award of attorneys' fees, costs and expenses up to those amounts, to the extent approved by the Court. This payment for attorneys' fees will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement and will be the only payment to them for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will also ask the Court for a service award up to $5,000 for each of the Class Representatives.

Any award for attorneys' fees, costs, and expenses for Class Counsel, and for Service  Awards to the Class Representatives, must be approved by the Court. The Court may  award less than the amounts requested. Class Counsel's papers in support of final  approval of the settlement will be filed no later than **March 18, 2024** and their application for  attorneys' fees, costs and expenses, and Service Awards will be filed no later than **January 12,  2024** and will be posted on the Settlement Website.

## THE COURT'S FAIRNESS HEARING

### 20.   When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **9 a.m. MT on April 15, 2024**, at the Wayne Aspinall Federal Building and United States Courthouse, 400 Rood Avenue, Grand Junction, CO 81501. The Parties and individuals who have filed a valid request to speak at the hearing may attend remotely via VTC or in person. At this hearing, the Court will consider  whether the settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if  such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for Service Awards for the   Class Representatives. After the hearing the Court will decide whether to approve the  settlement. We do not know how long these decisions will take. The hearing may be moved to a  different date or time or conducted via remote means without additional notice, so Class Counsel recommend checking   **www.P2settlement.com** or calling **(833) 383-8488.**

### 21.   Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your  own lawyer are welcome to attend at your expense, but you are not required to do so. If you send  an objection, you do not have to visit the Court to talk about it.  As long as you filed your  written objection on time with the Court and mailed it according to the instructions provided in  Question 16, the Court will consider it.

### 22.   May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must  file  an objection according to the instructions in Question 16, including all the information required. Your objection must be **mailed** to the Clerk of the Court, Class Counsel and  Defendant's Counsel, postmarked no later than **January 26, 2024**.

**IF YOU DO NOTHING**

| 23.   What happens if I do nothing? |
|---|

If you do nothing you will not get any money from this settlement. If the settlement is granted, the Final approval and the Judgment becomes Final, and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties based on any of the Released Claims, ever again.

**GETTING MORE INFORMATION**

| 24.   How do I get more information? |
|---|

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.P2settlement.com.** You may also call the Settlement Administrator with questions or to get a Claim Form at **(833) 383-8488.**

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.**

Exhibit E



7818100000000

## <u>CLAIM FORM FOR P2ES HOLDINGS SETTLEMENT BENEFITS</u>

### USE THIS FORM TO MAKE A CLAIM FOR LOST TIME PAYMENTS AND OUT-OF-POCKET LOSS PAYMENTS

For more information, call **(833) 383-8488** or visit the Settlement Website *www.P2settlement.com*

### The DEADLINE to submit this Claim Form online (or mail it postmarked) is

### February 26, 2024

## I.    GENERAL INSTRUCTIONS

If you were impacted in the November 2021 Data Incident experienced by P2ES Holdings, LLC ("Defendant"), as set forth in the Settlement Agreement, you are a Class Member.

The settlement establishes a $1,250,000 non-reversionary fund, to be used to pay Valid Claims submitted by Class Members as well as for the Costs of Settlement Administration, Administration Fees, Class Representative Service Awards, and attorneys' fees and expenses as awarded by the Court. As a Class Member, you are eligible to submit claims for cash payments as reimbursement for time and money spent in response to the Data Incident (such as money spent on credit monitoring), as well as for any documented incidents of fraud or identity theft connected to the Data Incident. You must fill out this claim form to receive these benefits.

The benefits are as follows:

### <u>Lost Time Claims</u>

You may submit a claim for reimbursement for time spent remedying issues related to the Data Incident. You will be reimbursed at $25/hour of time spent, **up to $100 total.** By filling out this claim form, you can attest to the amount of time you spent related to the Data Incident. This can include, for example, time spent on the phone with banks, time spent dealing with replacement card issues or reversing fraudulent charges, time spent researching the Data Incident, time spent monitoring accounts, or time spent freezing your credit. **You do not have to include documentation of your lost time. Instead, you must attest that the time claimed was actually spent as a result of the Data Incident**.

### <u>Out-of-Pocket Losses</u>

You are eligible to receive reimbursement of documented out-of-pocket losses reasonably traceable to the Data Incident. You are also eligible to receive reimbursement for money expended as a result of fraud or identity theft, if that money has not been reimbursed from another source. This includes, without limitation:

- Unreimbursed losses relating to fraud or identity theft;
- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- Costs associated with freezing or unfreezing credit with any credit reporting agency;
- Credit monitoring costs that were incurred on or after November 11, 2021; and
- Other expenses reasonably attributable to the Data Incident, such as notary, data charges (if charged based on the amount of data used) fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges.






7 8 1 8 1 0 0 0 0 0 0 0 0 0

These losses must be documented; you must submit copies of documents supporting your claims, such as receipts or other documentation. "Self-prepared" documents, such as handwritten receipts, will not count as documentation, but you can submit them as clarification to other, official documents.

## Verified Fraud

You are eligible to submit a claim for verified, documented incidents of fraud, up to $250 per incident, capped at $5,000.

Verified Fraud Claims include:

- Fraudulent bank or credit card charges,
- Tax filings,
- Opening of bank and/or credit accounts,
- Unemployment filings,
- Other fraudulent actions taken using your information from the Data Incident.

Class Members with Verified Fraud Claims must submit documentation and attestation supporting their claims. Receipts or other documentation, not "self-prepared" by the claimant, that documents the incident are required. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

## $50 Pro-Rata Residual Cash Payment

After distributing funds for the claims payments set forth above to claimants, as well as attorneys' fees, Class Counsel's litigation expenses, Administration Fees, and Service Awards, if there is any money left in the Settlement Fund, the Settlement Administrator will make *pro rata* settlement payments of the remaining Settlement Fund to each Class Member who submits a cash payment claim. The remaining amount of the Settlement Fund will be distributed pro rata for each Class Member who submits a claim, which may increase or decrease the $50 cash payment amount.

## Completing the Claim Form

This Claim Form may be submitted online at **www.P2settlement.com** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

Jones et al. v. P2 Holdings, LLC

c/o Kroll Settlement Administration LLC

P.O. Box 225391

New York, NY

10150-5391

7 8 1 8 1 0 0 0 0 0 0 0 0 0

## I.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the settlement. If this information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

Claimant Name: _____    ___    _____

First Name                                MI    Last Name

Street Address: _____

Address 2: _____

City: _____    State: _____    Zip Code: ___ ___ ___ ___ ___

Class Member ID: 7 8 1 8 1   ____ ____ ____ ____ ____ ____ ____

If you received a notice of this settlement by U.S. mail, your Class Member ID is located on the front of the postcard. If you received a notice of this settlement by email, your Class Member ID is in the email.

E-mail Address: _____ @ _____

[optional] Daytime Phone Number: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

[optional] Evening Phone Number: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

### You may select a:

## II.    CASH PAYMENT

**Cash Payment**: Would you like to receive a cash payment under the settlement? **(circle one)**

### Yes          No

** The payments under this option will originally be set at $50, however, the value of cash payment under this option will be increased or decreased pro rata based on the balance of the Settlement Fund after the payment of other benefits, attorneys' fees and expenses, Service Awards, and Costs of Settlement Administration.

## III.    LOST TIME PAYMENT

Please check off this box for this section if you are electing to seek reimbursement for Lost Time you spent remedying issues related to the Data Incident.





Class Members who elect to submit a claim for Lost Time Payment may claim, together with Out-of-Pocket Losses, no more than $100 at $25/hour for four hours of time actually spent addressing issues arising from the Data Incident. If you are selecting reimbursement for Lost Time, you must fill in the blanks in this section and sign the certification at the end of the claim form.

☐ I attest that I suffered Lost Time, and that this Lost Time was actually spent as a result of the Data Incident. Specifically, I spent the following number of hours remedying issues related to the Data Incident:

_____ hours (rounded to the nearest half-hour).

## II.    REIMBURSEMENT FOR OUT-OF-POCKET LOSSES AND/OR VERIFIED FRAUD

☐ Please check off this box for this section if you are electing to seek reimbursement for unreimbursed **Out-of-Pocket Losses.** Such claimed losses above will total no more than $5,000. You must provide reasonable documentation of the claimed Out-of-Pocket Losses. Self-attested documentation will not suffice.

☐ Please check off this box for this section if you are electing to seek reimbursement for one or more incidents of **Verified Fraud.** Such claimed payments will be $250/incident, but in total no more than $5,000. You must provide reasonable documentation for **each** instance of fraud. Self-attested documentation will not suffice.

### Making a Claim for Out-of-Pocket Expenses

In order to make a claim for Out-of-Pocket Expenses, **you must** (i) fill out the information below, or fill out a separate sheet to be submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form (section V); and (iii) include reasonable documentation supporting each claimed loss along with this Claim Form. Out-of-Pocket losses need to be deemed fairly traceable to the Data Incident by the Settlement Administrator based on the documentation you provide and the facts of the Data Incident.

**Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

 



7 8 1 8 1 0 0 0 0 0 0 0 0 0

| Out-of-Pocket Cost Type | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges | __ __ / __ __ / __ __<br>(mm/dd/yy) | $__ __ __ __ . __ __ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges*<br>**Your documents:** |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns. | __ __ / __ __ / __ __<br>(mm/dd/yy) | $__ __ __ . __ __ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return*<br>**Your documents:** |
| ☐ Credit freeze | __ __ / __ __ / __ __<br>(mm/dd/yy) | $__ __ __ __ . __ __ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services*<br>**Your documents:** |
| ☐ Credit Monitoring ordered after November 2021. | __ __ / __ __ / __ __<br>(mm/dd/yy) | $__ __ __ __ . __ __ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services*<br>**Your documents:** |
| ☐ Miscellaneous expenses such as notary, fax, postage, gas, copying, mileage, and long-distance telephone charges. | __ __ / __ __ / __ __<br>(mm/dd/yy) | $__ __ __ __ . __ __ | *Examples: Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office) why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Data Incident*<br>**Your documents:** |
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing | __ __ / __ __ / __ __<br>(mm/dd/yy) | $__ __ __ __ . __ __ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive tax refund and amount of.*<br>**Your documents:** |


 

7 8 1 8 1 0 0 0 0 0 0 0 0 0

| | | | |
|---|---|---|---|
| ☐ Other (provide detailed description) | ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $___ ___ ___ ___ . ___ ___ | *Please provide detailed description below or in a separate document submitted with this Claim Form* **Your documents:** |

If you **do not submit** reasonable documentation supporting a claim for Out-of-Pocket Losses, or your claim for an Out-of-Pocket Loss payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claims for Lost Time, if such claims are made, will be considered.

## Verified Fraud Claims

You are eligible for an up to $250 payment for each incident of verified fraud you have suffered. Please use the checkboxes below to indicate what kind of fraud you are claiming and describe the documents you're submitting to substantiate the fraud. The payments for verified Fraud Claims are also subject to the $5,000 cap that applies to out-of-pocket losses.

| Verified Fraud Type (Fill all that apply) | Approximate Date of Fraud | Amount Defrauded (even if reimbursed) | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Fraudulent bank or credit card charges | ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $___ ___ ___ ___ . ___ ___ | *Examples: Account statement with unauthorized charges highlighted, correspondence with credit card company disputing the charges* **Your documents:** |
| ☐ Fraudulent tax filings | ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $___ ___ ___ ___ . ___ ___ | *Examples: Letter from IRS or state about tax fraud in your name; Accountant bill for re-filing tax return* **Your documents:** |
| ☐ Opening of bank accounts and/or credit cards in your name. | ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $___ ___ ___ ___ . ___ ___ | *Examples: Notification from bank of new credit card or account; correspondence with bank about closing the account* **Your documents:** |
| ☐ Government benefits taken in your name | ___ ___/ ___ ___/ ___ ___ (mm/dd/yy) | $___ ___ ___ ___ . ___ ___ | *Examples: Notification of unemployment benefits being taken; correspondence with agency regarding issue* **Your documents:** |





7 8 1 8 1 0 0 0 0 0 0 0 0 0

If you **do not submit** reasonable documentation supporting a claim for Verified Fraud payments, or your claim for a Verified Fraud payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claims for Lost Time, if such claims are made, will be considered.

## VI. CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I swear and affirm under the laws of the United States of America that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.

Signature: _____ Date: _____ _____ / _____ _____ / _____ _____ _____ _____

Print Name: _____

Exhibit F

**From: Kroll Settlement Administration**

**To:**

**Subject Line: Jones et al. v. P2ES Holdings, LLC Class Action Settlement Notice**

---

**Class Member ID: <<Refnum>>**

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### *Jones et al. v. P2ES Holdings, LLC, Case No. 1:23-cv-00408-GPG-MEH*

<u>**A Court has authorized this notice. This is not a solicitation from a lawyer.**</u>

**If You Were Impacted by the Data Incident Experienced by P2ES Holdings, LLC, You Could be Eligible for a Payment from a Class Action Settlement**

<u>**WHO IS A CLASS MEMBER?**</u>

In the lawsuit *Jones et al. v. P2ES Holdings, LLC*, Case No. 1:23-cv-00408-GPG-MEH (D. Colo.), you are a Class Member if your personal information was potentially accessed as a result of the cyber-attack that P2ES Holdings, LLC ("Defendant") experienced in November 2021 (the "Class").

<u>**WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?**</u>

Under the settlement, Defendant has agreed to pay $1,250,000 into a Settlement Fund which will be distributed to Class Members who submit Valid Claims, after deducting the Service Awards, Class Counsel's attorneys' fees and expenses, and Costs of Settlement Administration and Administration Fees, if such awards are approved by the Court. Class Members who suffered out-of-pocket expenses as a result of the Data Incident may claim up to $5,000 for the reimbursement of documented expenses. Class Members who spent time remedying issues related to the Data Incident may claim up to $100. Class Members who can prove verified fraudulent activity as a result of the Data Incident may claim up to $5,000 with documented proof. All Class Members may receive an estimated $50 cash payment if there is a remaining balance in the Settlement Fund after payments for Valid Claims, Costs of Settlement Administration and Administration Fees, attorneys' fees and expenses, and any Class Representative Service Awards. These cash payment amounts may not be $50, as they will be adjusted upwards or downwards depending on the amount of Valid Claims. More information about the types of Claims and how to file them is available at the Settlement Website.

<u>**WHAT ARE YOUR RIGHTS AND OPTIONS?**</u>

<u>**Submit a Claim Form.**</u> To qualify for settlement benefits, you must timely mail a Claim Form or timely complete and submit a Claim Form online at **www.P2settlement.com** ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than **February 26, 2024**. Kroll Settlement Administration is the Settlement Administrator.

<u>**Opt Out or Object.**</u> You can exclude yourself from the settlement or you can object to the settlement. If you do not want to be legally bound by the settlement, you must exclude yourself by **January 26, 2024**, or you will not be able to sue the Released Parties for any claims relating to the Data Incident. If you exclude yourself, you cannot submit a Claim or get money from this settlement. If you stay in the Class, you may object to the settlement by **January 26, 2024**. To exclude yourself from or object to the settlement, you must follow the instructions in the Long Notice, available at www.P2settlement.com.

**Do Nothing.** If you do nothing, you will not receive a settlement payment and will lose the right to sue the Released Parties regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a **Final Approval Hearing at 9 a.m. on April 15, 2024,** to determine if the settlement is fair, reasonable, and adequate. All persons who timely object to the settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Class?** The Court appointed Terence R. Coates and Gary M. Klinger as Class Counsel to represent the Class. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount of up to $416,666.66, and the expenses will not exceed $15,000.00. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court. The named plaintiffs, also called the Class Representatives will also seek Service Awards in the amount of $5,000 each for their efforts in this case.

**Who is the Judge overseeing this settlement?** Judge Gordon P. Gallagher, United States District Judge, District of Colorado.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** www.P2settlement.com.

**This Notice is a summary of the proposed settlement.**

Exhibit G

*Jones et al., v P2ES Holdings, LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

March 14, 2024

<<Barcode>>
Class Member ID: <<RefNum>>
<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>

### <u>Notice of Missing or Inadequate Information</u>

Re: *Jones et al., v P2ES Holdings, LLC*

Dear Claimant:

We received the Claim Form you submitted in connection with the *Jones et al., v P2ES Holdings, LLC* settlement. Upon review of your submitted Claim Form, it was determined that one or more of the following requires additional documentation:

> You must submit valid supporting documentation for any Out-of-Pocket Expenses and/or each instance of Verified Fraud. As established in the Settlement Agreement in section 2.2, supporting documentation can include "…receipts or other documentation, not 'self-prepared' by the claimant".

To cure your deficiency please submit the following:

1. Supporting documentation such as credit card statements, bank statements, invoices, official governmental correspondence, and receipts. *Please do not submit original documents. Instead, make a copy and retain the original for your files.
2. Sign and return this letter, so that it is **RECEIVED on or before March 28, 2024.**

**\*If we do not RECEIVE the signed Claim Deficiency Letter and documentation on or before March 28, 2024, you may not receive a settlement payment for what you're claiming.**

Send the completed Affirmation Page and supporting documentation to:

*Jones et al., v P2ES Holdings, LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

Regards,
Kroll Settlement Administration LLC

<<Refnum barcode>>
ClassMember ID: <<refnum>>

**Affirmation**

**By signing below, I affirm that the information I have supplied in this Claim Deficiency Letter and any supplemental documentation attached is true and correct to the best of my recollection and this form was executed on the date set forth below.**

_____
Print Name

_____     Dated: ___ ___ / ___ ___ / ___ ___ ___ ___
Signature



<<Refnum barcode>>
Class Member ID: <<refnum>>

*Jones et al., v P2ES Holdings, LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

March 14, 2024

<<Barcode>>
Class Member ID: <<RefNum>>
<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>

## <u>Notice of Missing or Inadequate Information</u>

Re: *Jones et al., v P2ES Holdings, LLC*

Dear Claimant:

We have reviewed the Claim Form you submitted in the *Jones et al., v P2ES Holdings, LLC* settlement and have found that your Claim Form is deficient because you submitted an incomplete Claim Form. Your Claim Form was incomplete in that you failed to select any benefit or benefits offered or you did not sign and date your Claim Form.

We have enclosed a copy of a blank Claim Form. Please complete, making sure that you select whatever benefit or benefits you intend to Claim, sign and date the Claim Form, and mail the Claim Form back to the Settlement Administrator together with any supporting documentation required that will support your Claim for losses incurred as a result of the Data Incident involving P2ES Holdings, Inc. that was discovered on or about November 2021. Please be sure to complete all portions of the Claim Form. Mail the Claim Form and supporting documents to:

*Jones et al., v P2ES Holdings, LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

The completed Claim Form and supporting documents must be RECEIVED by the Settlement Administrator on or before **March 28, 2024** for your Claim to be considered for payment. By failing to provide a completed Claim Form on or before **March 28, 2024,** you may not receive a settlement payment.

Sincerely,

Kroll Settlement Administration LLC

<<Refnum barcode>>
 Class Member ID: <<refnum>>

*Jones et al., v P2ES Holdings, LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

March 14, 2024

<<Barcode>>
Class Member ID: <<RefNum>>
<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>

### <u>Notice of Missing or Inadequate Information</u>

Re:  *Jones et al., v P2ES Holdings, LLC*

Dear Claimant:

We have reviewed the Claim Form you submitted in the *Jones v P2ES Holdings, LLC* settlement and have found that your Claim Form is deficient because you submitted a Claim Form on behalf of someone else. To be eligible for a settlement payment, we will require valid proof that you are the current legal representative for the Class Member and/or their estate. This documentation could include probate court orders, wills, trust paperwork, etc. Additionally, if the Class Member is deceased, we will require a copy of the death certificate.

Please mail any supporting documentation back to the Settlement Administrator that will support your Claim for losses incurred as a result of the Data Incident involving P2ES Holdings, Inc. that was discovered on or about November 2021. Only send copies of the legal documentation – DO NOT send original copies, as they will not be returned. You can mail your supporting documents to the below address:

*Jones et al., v P2ES Holdings, LLC*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

The supporting documents must be RECEIVED by the Settlement Administrator on or before **March 28, 2024** for your Claim to be considered for payment. By failing to provide a completed Claim Form on or before **March 28, 2024,** you may not receive a settlement payment for what you're claiming.

Sincerely,

Kroll Settlement Administration LLC

Exhibit H

# Exclusion List

| Count | Reference Number |
|-------|------------------|
| 1     | 818159KG515S     |
| 2     | 781814Q31Y2CX    |
| 3     | 7818165VHW1BX    |
| 4     | 781813X3QSHVR    |

# Exhibit I



Baker & Hostetler
1000 Louisiana
Suite 2000
Houston, TX  77002
United States of America

| | |
|---|---|
| **Total Due:** | **USD 86,569.00** |
| Invoice No: | PA00725117 |
| Sequence No: | 4430 |
| Invoice Date: | October 26, 2023 |
| Due Date: | Due Upon Receipt |
| Project No: | 178181 |
| Customer No: | BAKH |
| Contact: | Maggie McGill |

**PRIVILEGED & CONFIDENTIAL**

Through October 26, 2023

**RE: Jones v. P2ES**

Retainer to be applied against Professional Services to be rendered          USD 86,569.00

**Total Due:**                                                          **USD   86,569.00**

*Please note this invoice covers current charges only and
may not include previous unpaid invoice balances.*

**Remittance Instructions:**
Account Name:   Kroll Settlement Administration LLC
Bank Name:      Bank of America
Account No:     483065996116
ACH ABA#:       021000322
Wire ABA#:      026009593
Swift Code:     BOFAUS3N

**Billing Questions:**
T: +1 952-563-3077
E:  EliteAR@kroll.com

**Tax ID:**
82-3588071

**Important Note: Please include our invoice number and name of your organization with all
payments and send remittance advice to AR@kroll.com.**



Baker & Hostetler
1000 Louisiana
Suite 2000
Houston, TX  77002
United States of America

| | |
|---|---|
| **Total Due:** | **USD 32,377.27** |
| Invoice No: | PA00742674 |
| Sequence No: | 4969 |
| Invoice Date: | December 26, 2023 |
| Due Date: | January 25, 2024 |
| Project No: | 178181 |
| Customer No: | BAKH |
| Contact: | Maggie McGill |

**PRIVILEGED & CONFIDENTIAL**

Through November 30, 2023

**RE: Jones v. P2ES: The outstanding amount will be deducted from the Settlement Fund after the Effective Date.**

| | | |
|---|---|---|
| Fees for Hourly Professional Services Rendered | | USD 23,347.75 |
| Other Professional Services Rendered | | 26,373.77 |
| Out-of-Pocket Expenses | | |
| Postage and Courier | 69,224.75 | |
| | | 69,224.75 |
| Retainer Applied | | (86,569.00) |
| **Total Due:** | | **USD   32,377.27** |

*Please note this invoice covers current charges only and
may not include previous unpaid invoice balances.*

**Remittance Instructions:**

| | | **Billing Questions:** |
|---|---|---|
| Account Name: | Kroll Settlement Administration LLC | T: +1 952-563-3077 |
| Bank Name: | Bank of America | E:  EliteAR@kroll.com |
| Account No: | 483065996116 | |
| ACH ABA#: | 021000322 | |
| Wire ABA#: | 026009593 | **Tax ID:** |
| Swift Code: | BOFAUS3N | 82-3588071 |

**Important Note: Please include our invoice number and name of your organization with all
payments and send remittance advice to AR@kroll.com.**

**DETAIL FEES FOR HOURLY PROFESSIONAL SERVICES RENDERED**

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Notification/Correspondence Fees:  Set up, format and proof the notice & claim form | 15.60 | 150.00 | 2,340.00 |
| Contact Center:  Outbound calls | 0.30 | 85.00 | 25.50 |
| Project Management:  Executive management | 0.30 | 300.00 | 90.00 |
| Project Management:  Project management | 50.90 | 150.00 | 7,635.00 |
| Project Management:  Staff | 67.85 | 85.00 | 5,767.25 |
| Project Management:  Clerical or data entry | 7.00 | 50.00 | 350.00 |
| Project Management:  Technical consulting | 39.75 | 140.00 | 5,565.00 |
| Project Management:  Senior Director | 6.30 | 250.00 | 1,575.00 |
| | | Total: | 23,347.75 |

**DETAIL OTHER PROFESSIONAL SERVICES RENDERED**

| Description | Units | Price/Unit* | Amount |
|---|---|---|---|
| Case Setup: Develop class list and import (one time fee) | 1.00 | 1,500.00 | 1,500.00 |
| Notification/Correspondence Fees: Submit file for NCOA (per record) | 155,704.00 | 0.01 | 934.22 |
| Notification/Correspondence Fees: Print/address notice packet (per notice) | 155,704.00 | 0.08 | 11,677.80 |
| Notification/Correspondence Fees: Prepare CAFA notice (per mailing) | 1.00 | 2,500.00 | 2,500.00 |
| Notification/Correspondence Fees: Generate email address list (one time fee) | 1.00 | 500.00 | 500.00 |
| Notification/Correspondence Fees:  Email list cleanse and hygiene (one time) | 1.00 | 650.00 | 650.00 |
| Notification/Correspondence Fees: Prepare and release initial email blast (one time fee) | 1.00 | 1,350.00 | 1,350.00 |
| Website: Website setup (one time fee) | 1.00 | 5,000.00 | 5,000.00 |
| Website: Monthly hosting (per month) | 1.00 | 125.00 | 125.00 |
| Contact Center: Call center IVR design and setup (one time fee) | 1.00 | 1,000.00 | 1,000.00 |
| Contact Center: IVR operating system (per minute) | 9.00 | 0.25 | 2.25 |
| Contact Center: Operator training (one time fee) | 1.00 | 500.00 | 500.00 |
| Process Claim Forms, Deficiencies and Rejections: Online opt-in or claim forms (per form) | 69.00 | 0.50 | 34.50 |
| Mail Handling, Scanning & Data/Image Storing: Scanning set-up (one time fee) | 1.00 | 200.00 | 200.00 |
| Mail Handling, Scanning & Data/Image Storing: Data/image storage (per month) | 1.00 | 200.00 | 200.00 |
| Mail Handling, Scanning & Data/Image Storing: Technology charge (per month) | 1.00 | 150.00 | 150.00 |
| Mail Handling, Scanning & Data/Image Storing: PO Box Fee | 1.00 | 50.00 | 50.00 |
| *Rounded to two decimals | | Total: | 26,373.77 |



Baker & Hostetler
1000 Louisiana
Suite 2000
Houston, TX  77002
United States of America

| | |
|---|---|
| **Total Due:** | **USD 34,009.05** |
| Invoice No: | PA00745154 |
| Sequence No: | 5127 |
| Invoice Date: | January 10, 2024 |
| Due Date: | February 09, 2024 |
| Project No: | 178181 |
| Customer No: | BAKH |
| Contact: | Maggie McGill |

**PRIVILEGED & CONFIDENTIAL**

Through December 31, 2023

**RE: Jones v. P2ES**
**Upon Final approval the amount will be deducted from the Settlement Fund**

| | | |
|---|---|---|
| Fees for Hourly Professional Services Rendered | | USD 4,770.90 |
| Other Professional Services Rendered | | 28,750.58 |
| Out-of-Pocket Expenses | | |
| Postage and Courier | 487.57 | |
| | | 487.57 |
| **Total Due:** | | **USD   34,009.05** |

*Please note this invoice covers current charges only and
may not include previous unpaid invoice balances.*

| **Remittance Instructions:** | | **Billing Questions:** |
|---|---|---|
| Account Name: | Kroll Settlement Administration LLC | T: +1 952-563-3077 |
| Bank Name: | Bank of America | E:  EliteAR@kroll.com |
| Account No: | 483065996116 | |
| ACH ABA#: | 021000322 | |
| Wire ABA#: | 026009593 | **Tax ID:** |
| Swift Code: | BOFAUS3N | 82-3588071 |

**Important Note: Please include our invoice number and name of your organization with all
payments and send remittance advice to AR@kroll.com.**

**DETAIL FEES FOR HOURLY PROFESSIONAL SERVICES RENDERED**

| Description | Hours | Rate | Amount |
|---|---|---|---|
| Contact Center:  User Operator - operator hours | 0.70 | 57.00 | 39.90 |
| Contact Center:  Outbound calls | 0.60 | 85.00 | 51.00 |
| Dispute Resolutions/Validation of Claims:  Review of claims filed | 7.50 | 85.00 | 637.50 |
| Project Management:  Project management | 5.70 | 150.00 | 855.00 |
| Project Management:  Staff | 37.50 | 85.00 | 3,187.50 |
| | | Total: | 4,770.90 |

**DETAIL OTHER PROFESSIONAL SERVICES RENDERED**

| Description | Units | Price/Unit* | Amount |
|---|---|---|---|
| Notification/Correspondence Fees: Print/address notice packet (per notice) | 13,671.00 | 0.08 | 1,025.33 |
| Notification/Correspondence Fees: Process returned notices (per notice) | 45,406.00 | 0.25 | 11,351.50 |
| Notification/Correspondence Fees: Advanced address search (per trace) | 20,792.00 | 0.15 | 3,118.80 |
| Notification/Correspondence Fees: Re-mail notices (per notice) | 14,201.00 | 0.25 | 3,550.25 |
| Notification/Correspondence Fees: Form letter correspondence (per letter) | 5.00 | 5.00 | 25.00 |
| Notification/Correspondence Fees: Email correspondence (per email) | 28.00 | 2.00 | 56.00 |
| Website: Monthly hosting (per month) | 1.00 | 125.00 | 125.00 |
| Contact Center: IVR operating system (per minute) | 238.00 | 0.25 | 59.50 |
| Process Claim Forms, Deficiencies and Rejections: Opt-in or claim forms (per form) | 2,077.00 | 2.95 | 6,127.15 |
| Process Claim Forms, Deficiencies and Rejections: Online opt-in or claim forms (per form) | 641.00 | 0.50 | 320.50 |
| Mail Handling, Scanning & Data/Image Storing: Scanning/images of documents (per scan) | 9,785.00 | 0.15 | 1,467.75 |
| Mail Handling, Scanning & Data/Image Storing: Mail handling charges (per piece) | 7,492.00 | 0.15 | 1,123.80 |
| Mail Handling, Scanning & Data/Image Storing: Data/image storage (per month) | 1.00 | 200.00 | 200.00 |
| Mail Handling, Scanning & Data/Image Storing: Technology charge (per month) | 1.00 | 150.00 | 150.00 |
| Mail Handling, Scanning & Data/Image Storing: PO Box Fee | 1.00 | 50.00 | 50.00 |
| *Rounded to two decimals | | Total: | 28,750.58 |