# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DIANE S. JONES, and | ) |
| JOAN OGG, *on behalf of themselves* | ) |
| *and all others similarly situated*, | ) |
| | ) Case No. 23-cv-00408-GPG-MEH |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Judge Gordon P. Gallagher |
| P2ES HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

## JOINT DECLARATION OF PLAINTIFFS' COUNSEL SUPPORTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

We, Gary M. Klinger and Terence R. Coates, hereby state that the following is true and accurate and based on our personal knowledge:

1. We are members of class counsel for Plaintiffs in the above-captioned case. This declaration supports Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement with Defendant, P2ES Holdings, LLC ("Defendant") and the attachments filed in support of this motion. This Declaration explains the bases for the settlement, including the significant relief it affords the Settlement Class. We have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

### Counsel Qualifications

2. Settlement Class Counsel have extensive experience prosecuting complex class actions. This experience was detailed for the Court in the Motion for Appointment of Interim Class Counsel (ECF No. 5) and is further described by the individual declarations of Settlement Class

Counsel submitted herein. Our experience, and that of our partners, is described in ECF 5, Exhibits A and B.

### The Settlement Negotiations

3. Before arriving at a settlement agreement, the Parties engaged in informal discovery and mediation sessions with Bruce A. Friedman, Esq. at JAMS. A resolution was not reached during this session.

4. The Parties also briefed their respective positions on each side's respective positions on the merits and class certification.

5. Through the information provided by Defendant, we learned that a ransomware attack occurred on or around November 2021, impacting the PII of Defendant's customers' current and former clients. Based on this information and the information Defendant sent to Kroll, we understand that the Class is comprised of approximately 170,018 individuals, whose names and mailing addresses are known to Defendant.

6. Following the initial mediation session, the Parties engaged in negotiations and finalized the full Settlement Agreement.

7. While courteous and professional, the negotiations were hard-fought throughout and the settlement process was conducted at arm's length between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in the Lawsuit.

8. The Parties were able to reach an agreement on the substantive terms of the Settlement to include monetary compensation to class members by Defendant.

9. The Parties agreed to use Kroll Settlement Administration as the Claims Administrator.

10. There was nothing collusive about the settlement negotiations or the ultimate Settlement reached.

11. Lastly, attorneys' fees, costs, expenses, and service awards were negotiated only after all substantive terms of the Settlement were agreed upon by the Parties.

### The Settlement

12. The Settlement provides significant benefits to Settlement Class Members. All Settlement Class Members who submit a valid Settlement Claim through the Claim Form and supporting documentation are eligible to receive reimbursement for documented, eligible out-of-pocket expenses incurred by Settlement Class Members as a result of the Data Breach.

13. The Settlement in this Litigation provides monetary relief to Settlement Class Members in a non-reversionary common fund in the amount of $1,250,000.

14. All Settlement Class Members who submit a Valid Claim are eligible to receive reimbursement in the form of a $50 pro-rata cash payment.

15. Settlement Class Members may also submit a claim for documented Out-of-Pocket Expenses up to $5,000 per individual, including for unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; the costs of freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after November 11, 2021, that the claimant attests under penalty of perjury were caused or otherwise incurred as a result of the Data Incident, through the date of claim submission; and miscellaneous expenses such as notary, data charges (if charged based on the amount of data used), fax, postage, copying, mileage, cell phone charges (only if charged by the minute), and long-distance telephone charges. Documentation is required for this claim.

3

16. Settlement Class Members can submit a Claim Form for reimbursement of attested Lost Time. A claim for Lost Time may be submitted up to four (4) hours at $25 per hour. Claims for attested Lost Time are capped at $100.

17. Additionally, Settlement Class Members can submit a Claim Form for documented incidents of fraud at $250 per incident up to $5,000 per individual for verified and documented incidents of fraud ("Verified Fraud Claims"). Such claims will include, without limitation, any verified incident regardless of reimbursement. This may include fraudulent bank or credit card charges, tax filings, opening of bank and/or credit accounts, unemployment filings. Class Members must submit documentation and attestation as a condition to recovering for Verified Fraud Claims.

18. The Settlement Agreement reached by the parties was negotiated at arms-length, is the result of hard bargaining, and provides all Settlement Class Members with the ability to receive cash payments due to their Private Information potentially being compromised in Defendant's Data Breach.

19. As illustrated by the following chart, the settlement in this case provides similar or better value than many other recent data breach settlements in cases involving the alleged theft of sensitive, private information that included Social Security Numbers throughout the country:

| Case Name | Case Number | Settlement Amount | Class Size | Average Value Per Person |
|---|---|---|---|---|
| *Cochran v. Kroger Co.* | No. 5:21-cv-01887 (N.D. Cal.) | $5,000,000 | 3,825,200 | $1.31 |
| *Thomsen v. Morley Companies, Inc.* | No. 1:22-cv-10271 (E.D. Mich) | $4,300,000 | 694,679 | $6.19 |
| *In re C.R. England, Inc. Data Breach Litigation* | No. 2:22-cv-374-DAK (D. Utah) | $1,400,000 | 219,208 | $6.38 |
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| **Jones et al. v. P2ES Holdings, LLC** | **No. 23-cv-00408-GPG (D. Colo.)** | **$1,250,000** | **176,329** | **$7.09** |

4

### The Strength of Plaintiffs' Case

20.  We believe that Plaintiffs have a strong case for liability and damages. Settlement Class Counsel were prepared to submit evidence supporting Plaintiffs' assertions that Defendant failed to take a number of industry-standard measures to secure the PII belonging to current and former customers' clients. We also believe that we would have been able to show that Plaintiffs suffered damages as a result of the Data Breach. Defendant has continuously disputed the sufficiency of Plaintiffs' allegations. Although we feel strongly that Plaintiffs would be able to obtain a favorable ruling on all issues, this was not a certainty.

### The Risk, Expense, and Likely Duration of Further Litigation

21.  Although Plaintiffs are confident in the merits of their claims, the risks involved in prosecuting a class action through trial cannot be disregarded. We have practiced in this area far too long to disregard the high level of risk, expense, and complexity of class litigation, which is one reason that judicial policy so strongly favors resolving class actions through settlement. This is not only a complex case, but also it is in an especially risky field of litigation. Data breach cases continue to be among the most risky and uncertain of all class action litigation. Many data breach cases are dismissed at the motion to dismiss or summary judgment stage, or they fail to obtain class certification over the defendant's objection.

22.  Through the Settlement, Plaintiffs and Class Members gain significant benefits without having to incur further risk. Moreover, the cost of trial and any appeals would be significant and would delay the resolution of this litigation without the guarantee of any relief.

### The Amount Offered in Settlement

23.  The valuable benefits made available pursuant to the Settlement squarely address the issues raised in the Litigation and provide timely, significant, and pertinent relief to the

5

Settlement Class Members, which compares favorably to what Settlement Class Members could recover were they to secure a favorable judgment at trial. In the experience of Class Counsel, the monetary relief provided by this Settlement is fair and reasonable in light of reported average out-of-pocket expenses due to a data breach.

### The Extent of Discovery Completed and the Stage of the Proceedings

24. While formal discovery did not take place, the Parties exchanged Rule 408 discovery and briefs on their respective positions on the facts, claims, defenses, and assessments of the risk of litigation. Through informal discovery, the Parties were able to fully evaluate each side's respective position in light of the merits, claims, and defenses in the matter.

### The Experience and Views of Counsel

25. Messrs. Coates, Walker, Gould, Klinger and Lietz are qualified, experienced, and able to conduct the litigation. Our firms have worked together for a number of years, and we have personally worked together in other data breach cases. Through these experiences, we have had the opportunity to observe and benefit from their superior litigation skills and abilities.

26. With respect to the adequacy of counsel and our firms, we have invested considerable time and resources into the prosecution of this action. Specific to this area of privacy litigation, we have a wealth of experience in litigating complex, class action lawsuits, including data breach cases. *See* ECF 5, Exhibits A and B.

27. We have extensive experience leading and managing consumer class actions and complex litigation of this nature, extensive knowledge of all applicable case law, and sufficient resources which we committed to the class in this case.

6

28. Further, we have diligently investigated and prosecuted the claims in this matter, dedicated substantial resources to the investigation and litigation of those claims, and successfully negotiated the Settlement of this matter to the benefit of Plaintiffs and the Settlement Class.

29. Through the settlement process and before finally entering the Settlement, we carefully weighed with Plaintiffs: (1) the benefits to Plaintiffs and the Settlement Class under the terms of the Settlement Agreement; (2) the range of the results in other settlements reached in similar litigation; (3) the attendant risks and uncertainty of litigation, especially in complex cases, such as this Action where certification is by no means a given and would be challenged if litigated and appealed if the court certified the Settlement Class; (4) the difficulties and delays inherent in such litigation in the event that Defendant was to seek appellate review of the Court's Final Judgment, in the event Plaintiffs and the Settlement Class are successful at trial; (5) Defendant's vigorous defense of the litigation and continued denial of the claims contained in the Complaint (including certification); (6) the desirability of consummating this Settlement, to ensure that the Settlement Class received a fair and reasonable settlement; and (7) providing Plaintiffs and Settlement Class Members prompt relief.

30. The delay in continuing to litigate this case also favors approval of the Settlement. Many more months and significant additional costs would be required for the parties and the Court to complete the pre-trial proceedings, summary judgment and Daubert motions, and class certification. After trial, either party could appeal the Court's class certification and summary judgment decisions, which could take years to complete. Assuming the parties went to trial and verdict, there would remain the possibility that the verdict could be reversed by this Court or on appeal.

31. Conversely, the Settlement affords Settlement Class Members significant and timely benefits which compare favorably to what Settlement Class Members could recover were they to secure a favorable judgment at trial. In the experience of Settlement Class Counsel, the monetary relief provided by this Settlement is an outstanding result and is fair and reasonable in light of reported average out-of-pocket expenses due to a data breach.

32. Based on our independent investigation of the relevant facts and applicable law, experience with other data breach cases, and the information provided by Defendant, Plaintiffs' counsel has determined that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

### Whether the Settlement is a Product of Collusion Among the Parties

33. Plaintiffs undertook significant factual and legal investigation of the issues prior to filing the case. As explained previously, the Parties engaged in informal discovery and mediation, and the Settlement clearly emerged from an arm's-length negotiation process between the Parties. The Settlement is the product of significant time and effort spent by the Parties in negotiating its terms and a final written memorialization over a period of many months.

34. Furthermore, the proposed Settlement Class Representatives are members of the Settlement Class and possess no interests antagonistic to the Settlement Class. They provided their PII to Defendant's current and former clients, and allege that their PII was compromised as a result of the Security Incident, just as the PII of the Settlement Class was also allegedly compromised. Indeed, their claims reflect identically the claims of the Settlement Class, and they and the Settlement Class desire the same outcome of this litigation. Because of this, the proposed Settlement Class Representatives have vigorously prosecuted this case for the benefit of all

Settlement Class Members. Plaintiffs have been at the helm of the litigation, reviewing pleadings, conferring with Counsel, and providing input in crafting and approving the Settlement.

### Rule 23(e) Statement Regarding Separate Agreements Between the Parties

35. The Settlement Agreement is the only agreement between the Parties; no separate agreement exists.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2024, in Chicago, Illinois, by Gary M. Klinger, and in Cincinnati, Ohio, by Terence R. Coates.

| | |
|---|---|
| *s/ Gary M. Klinger* | *s/ Terence R. Coates* |
| **Gary M. Klinger** | **Terence R. Coates** |
| MILBERG COLEMAN BRYSON | **Justin C. Walker** |
| PHILLIPS GROSSMAN PLLC | **Dylan J. Gould** |
| 227 W. Monroe Street, Suite 2100 | MARKOVITS, STOCK & DEMARCO, LLC |
| Chicago, IL 60606 | 119 E. Court Street, Suite 530 |
| Phone: (866) 252-0878 | Cincinnati, OH 45202 |
| E-mail: gklinger@milberg.com | Phone: (513) 651-3700 |
| | E-mail: tcoates@msdlegal.com |
| | jwalker@msdlegal.com |
| | dgould@msdlegal.com |