IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-00408-GPG-MEH

DIANE S. JONES, and
JOAN OGG, *on behalf of themselves*
*And all others similarly situated*,

    Plaintiffs,

v.

P2ES HOLDINGS, LLC,

    Defendant.

---

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

---

    This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF __) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF 40) (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release (ECF 37-1) ("Settlement Agreement") entered into between Plaintiffs Diane S. Jones and Joan Ogg ("Plaintiffs") and Defendant P2ES Holdings, LLC ("Defendant"), and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED:**

    1.    The Court, for the purpose of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

    2.    The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Releases provided in the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, the Parties thereto, including the Class and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses with prejudice the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7. The Court grants final approval of the appointment of Terence R. Coates, Justin C. Walker, and Dylan J. Gould of Markovits, Stock & DeMarco, LLC; and Gary M. Klinger and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLC as Class Counsel.

8. The Court grants Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF 40). The Court awards Class Counsel $416,666.67 in attorneys' fees and $12,309.94 for the reimbursement of litigation expenses, to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement of expenses is fair and reasonable.

9. The Court grants final approval of the appointment of Diane S. Jones and Joan Ogg as Class Representatives.

10. The Court awards each Class Representative a service award of $5,000 for their service to the Class.

11. On October 12, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF 39) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and set April 15, 2024 as the Final Approval Hearing to consider the

final approval of the Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses.

12. The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

13. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process. The fact that the Notices reached 91.8% of the Class indicates that the Notice program was successful and consistent with Fed. R. Civ. P. 23 and due process.

14. The Court finds P2ES Holdings, LLC has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

15. The Court certifies the following Class for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> **The Settlement Class:** "All natural persons who were impacted in the November 2021 Data Incident."
>
> **Specifically Excluded From the Settlement Class Are:** "(i) Defendant and its officers and directors; (ii) all Persons who timely and validly request exclusion from the Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge."

16. The Court finds that the Class defined above satisfies the Requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only in that (a) the Class of approximately 176,329 individuals is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

17. This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of surviving dispositive motions practice, certifying this action as a class action, and of prevailing on the claims at trial, including the considering P2ES Holdings, LLC's likelihood of success of prevailing on one or more of its defenses; having considered the range of Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. The terms of the Settlement Agreement were fairly and honesty negotiated;

    b. The outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

    c. The value of immediate recovery by way of a $1,250,000 non-reversionary common fund outweighs the possibility of future relief that could occur, if at all, only after further protracted litigation and appeals; and,

    d. The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiff and Class Counsel determining that it is in the best interest of the Class Members.

18. Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata*, collateral estoppel, and all other preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

19. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

20. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against P2ES Holdings, LLC of any claim, any fact alleged in Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of P2ES Holdings, LLC or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

21. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any

5

liability or wrongdoing by P2ES Holdings, LLC, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by P2ES Holdings, LLC Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

22. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by P2ES Holdings, LLC that Plaintiffs' claims or any similar claims are suitable for class treatment.

23. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason this Final Approval Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

**IT IS SO ORDERED this ___ day of _____, 2024**

                                                                                                _____
Hon. Gordon P. Gallagher
United States District Judge